In the Matter of the Application for the DISCIPLINE OF David J. CAREY, an Attorney at Law of the State of Minnesota.

No. CO–84–1142.

Supreme Court of Minnesota.

Feb. 7, 1986.

William J. Wernz, Director, Lawyers Professional Responsibility Bd., St. Paul, for appellant.

David J. Carey, pro se.

PER CURIAM.

On June 26, 1984, the director of the Lawyers Professional Responsibility Board petitioned this court for disciplinary action against respondent David J. Carey, an attorney at law of the State of Minnesota. Respondent could not be located and, therefore, the director petitioned this court for an immediate suspension pending final determination of disciplinary proceedings, which the court granted on October 15, 1984, 355 N.W.2d 720. The director informed the court on October 25, 1984, that the respondent had failed to file an affidavit required upon suspension. On November 1, 1985, the court ordered respondent to appear on January 7, 1986, and show cause why the court should not take appropriate disciplinary action. He failed to appear before the court on that date and offered no explanation for his absence. Accordingly, we indefinitely suspend respondent from the practice of law in the State of Minnesota.

The petition of the director of Lawyers Professional Responsibility requesting disciplinary action against respondent, David J. Carey, alleges five counts of professional misconduct warranting public discipline.

In the first count, the director alleges violations of DR 1–102(A)(2) (circumventing a disciplinary rule through the actions of another); DR 1–102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law); DR 5–101(A) (accepting employment when the exercise of professional judgment may be adversely affected by the lawyer's own financial or personal interests); and DR 7–101(A)(3) (intentionally damaging a client during the course of the professional relationship). These alleged violations stem from Carey's actions in arranging for wills that he had originally drafted to be changed in order to make him a beneficiary. The original wills of Carey's clients, drawn in 1980, named Carey as personal representative. In 1981, those

clients, who were also his landlords, asked him to change their wills so that he would become the residual beneficiary. While Carey declined to make the changes himself, he arranged to have the wills forwarded to another lawyer and personal friend who then changed the documents at no cost.

The second count alleges that Carey violated DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(6), DR 5–101(A) and DR 7–101(A)(3) (see above). These alleged violations occurred when Cary borrowed $10,000 from his client on June 9, 1981, and failed to pay his client's estate when the note became due on June 9, 1982. Carey maintained that the client had forgiven the debt 1 month before he died. The client's wife brought suit to recover the debt, and it was settled by Carey paying $5,000.

In the third count, the director alleges that Carey violated DR 2–110(A)(2) (withdrawing from employment without taking reasonable steps to avoid foreseeable prejudice to the rights of the client); DR 6–101(A)(3) (neglecting a legal matter entrusted to the lawyer); and DR 9–102(B)(4) (failure to return entrusted materials to which the client is entitled). These alleged violations occurred in connection with a client's retention of Carey to represent her in a personal injury action arising out of an automobile accident. In connection with her case, the client entrusted Carey with medical and insurance reports. She discharged Carey in July 1982 and demanded the immediate return of the materials, but Carey did not return them until November 1982.

The fourth count alleges violations of DR 2–110(A)(2), DR 6–101(A)(3), and DR 9–102(B)(4)[1] (see above) originating in Carey's retention by another client in 1981 to handle a collection matter and to draft a partnership agreement. Carey failed to perform this work and did not return many of the client's phone calls. The client discharged Carey in July 1982 and immediately requested the return of all materials he entrusted to Carey, which he failed to do until November 1982.

In the fifth count, the director alleges violations of DR 2–110(A)(2), DR 6–101(A)(3), and DR 9–102(B)(4) (see above), arising out of retention of Carey in 1981 to negotiate a quitclaim deed. The clients paid Carey a retainer and entrusted him with documents, but Carey neglected to take any action and did not return their calls. In September 1982, one of the clients went to Carey's office to pick up her file, but Carey's secretary refused to give it to her. Carey did not return the materials until December 1982.

Pursuant to Rule 12(b), RLPR, the director served on Carey the petition alleging the above counts of professional misconduct, but was not able to locate him. The director informed this court that he attempted to reach Carey by phone, by attempted service at his original address and at a subsequent address, and by certified mail to his post office box requesting Carey to admit service. Carey received the petition for disciplinary action sent by certified mail to his post office box, but failed to admit service. Since Carey could not be found, the director petitioned this court for an order immediately suspending Carey from the practice of law pursuant to Rule 12(c)(1).[2]

This court ordered Carey immediately suspended from the practice of law on October 15, 1984. The director informed Car-

---

1. The petition alleges a violation of DR 9–104(B)(4), but this is apparently a typographical error.

2. Rule 12(c)(1) provides:
   **(c) Respondent not found.**
   (1) *Suspension.* If the respondent cannot be found in the state, the Director shall mail a copy of the petition to the respondent's last known address and file an affidavit of mailing with this Court. Thereafter the Director may apply to this Court for an order suspending the respondent from the practice of law. * * Within one year after the order is filed, the respondent may move this Court for a vacation of the order of suspension and for leave to answer the petition for disciplinary action.

ey on October 25, 1984, of his responsibility to give notice of his suspension to his clients and to return all client property as set forth in Rule 26, RLPR. Rule 26(e) requires that an affidavit be filed by the suspended attorney as proof of compliance. On March 12, 1985, the assistant director filed with this court an affidavit stating that Carey had failed to comply with Rule 26(e).

On October 15, 1985, the director petitioned this court for an order to show cause pursuant to Rule 12(c)(2), RLPR.[3] The director stated that Carey had not moved the court for vacation of its October 15, 1984 immediate suspension order within the 1-year period allowed by Rule 12(c)(2) nor had he moved the court for leave to answer the petition for disciplinary action. On November 1, 1985, the court ordered Carey to appear before it on January 7, 1986, and show cause why he should not be disciplined under Rule 15, RLPR. This order was published. Carey failed to appear before the court on January 7, 1986, and did not contact either the court or the director with an explanation for his absence.

Pursuant to Rule 13(c), RLPR, the petition's allegations are now deemed admitted and the court proceeds to considering Rule 15 sanctions.

■ Since Carey is already temporarily suspended and since a reprimand or other sanction would be ineffective, the appropriate sanction would be either disbarment or indefinite suspension. In imposing a sanction, the purpose of a disciplinary action is not to punish the respondent, but to protect the public from future harm. *In re Franke*, 345 N.W.2d 224, 228 (Minn.1984). When the court determines the appropriate sanction, it takes into account the nature of the misconduct and the harm to the legal profession and public. *In re Agnew*, 311 N.W.2d 869, 872 (Minn.1981). While the allegations in the original petition may not reflect highly dangerous actions, Carey has, nonetheless, twice placed himself in situations of conflicts of interest with his clients, twice shown indifference to their cases and their rights and has shown further indifference to the officials charged with policing the profession by his failure to respond and by his unexplained absence from the state. This court orders disbarment, however, only when there is a continuing pattern of gross neglect of clients, misrepresentations to court and other patterns of misconduct which constitute a great danger from which the public needs immediate protection. *See In re Weyhrich*, 339 N.W.2d 274 (Minn.1983); *In re Braggans*, 280 N.W.2d 34 (Minn.1979). That does not seem to be the present case. Moreover, without hearing from the respondent, we do not know whether mitigating circumstances exist. Therefore, we will not, at this point, order Carey disbarred. His conduct prior to his disappearance and his neglect in not contacting either the director or this court concerning the proceedings brought against him, however, warrant disciplinary action.

It is, therefore, the judgment of this court that:

1. Respondent is indefinitely suspended from the practice of law in the State of Minnesota.

2. Respondent shall not be eligible to apply for reinstatement to practice in Minnesota prior to January 1, 1988.

3. If no application for reinstatement is applied for by the respondent by January 1, 1991, the director may forthwith petition

---

**3.** Rule 12(c)(2) provides:

(2) *Order to show cause.* If the respondent does not so move [for vacation of the suspension order], the Director shall petition this Court for an order directing the respondent to show cause to this Court why appropriate disciplinary action should not be taken. The order to show cause shall be returnable not sooner than 20 days after service. The order may be served on the respondent by publishing it once each week for three weeks in the regular issue of a qualified newspaper published in the county in this state in which the respondent was last known to practice or reside. The service shall be deemed complete 21 days after the first publication. * * * Proof of service shall be filed with this Court. If the respondent fails to respond to the order to show cause, this Court may proceed under Rule 15.

this court for disbarment of respondent based on the present misconduct.

IT IS SO ORDERED.