In the Matter of the Application for the DISCIPLINE OF Marshall G. ANDERSON, an Attorney at Law of the State of Minnesota.

No. C7–82–81.

Supreme Court of Minnesota.

July 24, 1987.

William J. Wernz, Director of Lawyers Professional Responsibility, Martin A. Cole, Asst. Director, St. Paul, for appellant.

Marshall G. Anderson, Minneapolis, for respondent.

PER CURIAM.

Respondent Marshall G. Anderson is before this court on a Petition for Revocation of Probation and for Further Disciplinary Action dated October 14, 1985, and filed November 5, 1985 by the Director of Lawyers Professional Responsibility. The petition alleges improprieties in two bankruptcy cases in addition to violation of two conditions of probation required by an earlier disciplinary case. Respondent was suspended in November 1985 pending final determination of the current disciplinary proceedings. When he did not respond to the petition or the suspension order by December 1986, this court ordered him to appear on March 11, 1987, to show cause why disciplinary action should not be taken against him. He failed to appear on that date to offer an explanation for his absence. We suspend him indefinitely from the practice of law in the State of Minnesota with reinstatement subject to conditions stated herein.

Respondent, an attorney admitted to practice law in this state since 1958, was publicly reprimanded and placed on probation by this court on May 10, 1982, for conduct which he admitted was in violation of DR 1–102(A)(1), (3), (4), (5), and (6), Minnesota Code of Professional Responsibility (MCPR). The continuance of his practice of law was subject to certain conditions: (1) that he file monthly status reports with the Director and (2) that he complete all necessary continuing legal education courses. Respondent submitted the status reports from August 1982 through August 1983. On September 18, 1984, he was placed on restricted status pursuant to the Rules for Continuing Legal Education, and since November 1984 the office of the Director has been unable to contact him by either regular or certified mail. On January 2, 1985, he was suspended for non-payment of the registration fee required by Rule 2, Rules for Registration of Attorneys.

The Director's petition alleged four counts of misconduct which are deemed admitted because of respondent's failure to answer. Minn.R.Lawyers Prof.Resp. 13(c).

Count I: Respondent was retained in 1983 to handle bankruptcy proceedings for client Erling Anderson, doing business as Anderson Farms. The client also retained Joseph Mousel, a certified public accountant, and respondent hired Paul Ray, a suspended attorney, as a "paralegal" to assist.

Respondent allowed Ray and Mousel to substantially prepare all documents for the bankruptcy petition in violation of DR 3–101(A) and DR 3–102(A), MCPR. In order to pay themselves and respondent, Mousel and Ray, under assumed names, sold 31 head of cattle, which were listed as assets in the bankruptcy petition but which belonged to someone else and were merely housed by Anderson Farms. Ray was convicted of livestock theft and theft by swindle and Mousel was convicted of aiding livestock theft. Respondent did not seek court authorization to sell the estate's assets. Though he denied specifically advising the client to sell these cattle, he knew of the sale and knew that permission was necessary and had not been obtained. Furthermore, respondent received $1,250 in attorney fees ($750 of it before the sale of the cattle) but did not make proper application for authorization to represent the client or to receive legal fees. He falsely stated to the court that he had received $2,000. The bankruptcy court found that he had violated provisions of the bankruptcy code and ordered him to refund to the estate the $1,250 received by him as unauthorized compensation. Respondent's conduct violated DR 1–102(A)(4), (5), and (6), DR 2–106(A), DR 6–101(A), DR 7–101(A)(3), and DR 7–102(A)(2), (3), and (7), MCPR.

Count 2: In a related bankruptcy matter for clients Donald and Dorothy Steen, respondent failed to request authorization to represent the clients and allowed Ray to substantially prepare all documents. This conduct violated DR 1–102(A)(5) and (6), DR 3–101(A), DR 3–102(A), DR 6–101(A)(2), and DR 7–101(A)(3), MCPR.

Count 3: Respondent failed to complete 45 hours of Continuing Legal Education course work by February 29, 1984, as required by the terms of probation from his 1982 disciplinary case, and the C.L.E. Board found that he had not complied with the credit requirements.

Count 4: After August 1983, respondent failed to submit monthly status reports to the Director, as required by his 1982 probation order.

Anderson could not be reached by the Director's office or by the court and did not respond in any way during the disciplinary proceedings. All mail communications from the Director's office since November 1984 were returned unclaimed or undeliverable and an attempt by the Hennepin County Sheriff's office to serve the petition for disciplinary action was unsuccessful. When respondent was suspended pending determination of this disciplinary case, he did not file the affidavit required of suspended lawyers by Minn.R.Lawyers Prof. Resp. 26(e) nor did he move for vacation of the suspension order or for leave to answer the petition for disciplinary action. The Order to Show Cause was returned, undeliverable and unable to be forwarded. Respondent has made no contact with either the Director or the court to explain his lack of response or his absence in court.

Respondent's conduct is in violation of the conditions attached to his practice of the law by our 1982 order and in violation of the Minnesota Code of Professional Responsibility. The only question to be determined is the measure of discipline to be imposed. Probation subject to certain conditions on respondent's practice of the law seemed an appropriate discipline in 1982 when he appeared before us, willingly admitted the alleged violations, and took steps to make amends. We determined that his actions at that time did not constitute a threat to the public.

In this case respondent's conduct has not been harmless. At the very least he allowed Ray, a suspended attorney, to prepare the bankruptcy documents without supervision. For an attorney to lend his name without supervising the work which is done in his name is a misrepresentation of professional status and an improper participation in the unauthorized practice of law. This court has said that, in the absence of mitigating factors, such conduct warrants suspension. *In re DeVinny*, 255 N.W.2d 832, 834 (Minn.1977); *see In re Bissonett*, 270 N.W.2d 288, 289 (Minn. 1978). Furthermore, respondent has shown indifference to the profession by his failure to report regularly according to the terms of his probation, by his failure to

respond to the petition for discipline, and by his failure to appear in court. Respondent is already temporarily suspended. Since a milder sanction has been ineffective, the appropriate sanction would be either disbarment or indefinite suspension. *In re Carey,* 380 N.W.2d 806, 809 (Minn. 1986). We do not find disbarment to be warranted at this time.

It is therefore the judgment of this court that:

1) Respondent is indefinitely suspended from the practice of law in the State of Minnesota.

2) Respondent shall not be eligible to apply for reinstatement prior to January 1, 1989.

3) When Respondent applies for reinstatement, he shall comply with the requirements of Rule 18 of the Rules on Lawyers Professional Responsibility.

4) If Respondent does not apply for reinstatement by January 1, 1992, the Director may petition this court for disbarment of Respondent based on the present misconduct.

So ordered.