In re Petition for DISCIPLINARY AC-TION AGAINST David C. BEMAN, an Attorney at Law of the State of Minnesota.

No. C2–89–1520.

Supreme Court of Minnesota.

Feb. 13, 1990.

## ORDER

The Director of the Office of Lawyers Professional Responsibility filed with this court a petition seeking public discipline of the Respondent. In the petition the Director alleged that Respondent had been placed on restricted status pursuant to Rule 3, Minnesota Rules of Continuing Legal Education which limits him to representing himself and close relatives because of failure to complete required continuing legal education requirements. The Director alleges that notwithstanding being placed on such status, the Respondent continued to actively practice law including representing persons other than himself and close relatives from May 1980 through August 1989. The Director alleged that such conduct and practicing law in violation of restricted status for noncompliance violated Rule 5.5(a), Minnesota Rules of Professional Conduct for the period of time from and after September 1, 1985 and violated DR 3–101(B), Minnesota Code of Professional Responsibility prior thereto. After the matter had been submitted to a referee who made recommendations to the court, the Respondent and the Director entered into a stipulation essentially adopting the recommendations of the referee.

The court having considered the petition and having considered the stipulation NOW ORDERS:

1. The Respondent is indefinitely suspended from the practice of law for a period of 90 days provided, however, that the Respondent may apply for reinstatement to the practice of law after 90 days from the date of this order. The conditions the Respondent must meet before applying for reinstatement are:

(a) He shall successfully complete the professional responsibility portion of the multi-state bar examination before reinstatement.

(b) Pursuant to Rule 24, Rules on Lawyers Professional Responsibility, Respondent shall pay to the Director costs of $750 and disbursements of $25.

(c) Respondent shall fully comply with the requirements of Rule 26, Rules on Lawyers Professional Responsibility.

(d) The Respondent may apply for reinstatement by affidavit establishing his compliance with all of the above conditions.

2. Upon any reinstatement, Respondent shall be placed on unsupervised probation for three years. His probation shall be subject to the condition that during the period of probation, Respondent report his attendance at all CLE courses taken to the Director in writing and provide written proof of his timely compliance with all filing requirements for CLE have been complied with.

## MEMORANDUM

Following a hearing, the referee recommended that the Respondent be suspended

without opportunity to apply for reinstatement for at least six months. This court considers noncompliance with CLE requirements to be a very serious matter. However, this appears to be the first time the case has come before this court where the sole allegation of professional misconduct has related to noncompliance with those requirements. In this instance there is no allegation or showing that Respondent's failure to comply with CLE requirements resulted in any harm to the public. Since this is the first time the matter has come before the court and since there are no allegations of noncompliance resulting in any harm to the public, the court has reduced the period of suspension to three months. The bar, however, is placed on notice that henceforth we shall consider noncompliance with CLE requirements to be a very serious matter and may well result in more stringent disciplinary sanctions being imposed.