**In re the Petition for DISCIPLINARY ACTION AGAINST Michael J. GILLEN, an Attorney at Law of the State of Minnesota.**

No. C8–90–202.

Supreme Court of Minnesota.

March 5, 1990.

## ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this court alleging that the respondent Michael J. Gillen had committed unprofessional conduct warranting public discipline. The Director alleges three separate counts of misconduct in his petition, each of which describes violations of more than one rule of professional conduct.

In count one, the Director alleges that a client retained respondent to represent her in a medical malpractice action; respondent failed to take significant action on the matter and, in fact, allowed the statute of

limitations to run without instituting a suit on his client's behalf; respondent failed to inform his client of the statute of limitations in her case; respondent subsequently misled his client by informing her that he was conducting negotiations on her behalf; and finally, when the client retained new counsel, respondent failed to provide the client with a copy of her file despite repeated requests, until a court ordered him to do so.

In count two, the Director alleges that a client retained respondent to prepare a premarital agreement; respondent either failed to have the agreement witnessed in accordance with Minnesota law or lost the witnessed copy of the agreement; the same client subsequently retained respondent to prepare a deed conveying certain real property; respondent prepared the deed but never successfully filed the deed with the County Recorder's Office and, when asked by the client to turn over the deed, respondent did not do so.

In count three, the Director alleges that the respondent failed on three occasions to respond to requests by the Director's Office and the District Ethics Committee that he respond to the above allegations. Furthermore, it is relevant that the Director's Office has disciplined respondent on previous occasions for his conduct in three different matters in which, among other things, he failed to communicate with his clients.

After the filing of the petition, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14 of the Rules on Lawyers Professional Responsibility. He also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. He joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is an indefinite suspension. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Michael J. Gillen, is hereby indefinitely suspended pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility for misconduct including failure to competently advise clients, failure to communicate with clients, failure to surrender client property upon termination of representation, and failure to cooperate with the Lawyers Professional Responsibility Board.

2. Any future re-instatement is conditioned upon:

(a) Compliance with the requirements of Rule 18, Rules on Lawyers Professional Responsibility.

(b) Compliance with Rule 26, Rules on Lawyers Professional Responsibility.

(c) Satisfaction of Continuing Legal Education requirements pursuant to Rule 18(e), Lawyers Professional Responsibility.

(d) Furnishing proof of psychological fitness to practice law.

3. That the respondent shall pay to the Director within 90 days of the date of this order, the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.