**In re Petition for Disciplinary Action against Robert C. NEILL, an Attorney at Law of the State of Minnesota.**

**No. C0–92–229.**

Supreme Court of Minnesota.

June 26, 1992.

William J. Wernz, Director of Office of Lawyers Professional Responsibility, Karen A. Risku, Asst. Director, St. Paul, for appellant.

Robert C. Neill, Hastings, for respondent.

**PER CURIAM.**

This matter comes to us on the petition of the Director of the Lawyers Professional Responsibility Board to discipline respondent attorney. On January 29, 1992, the Director filed a petition for disciplinary action against respondent Robert C. Neill for practicing law while on CLE restricted status and while suspended for failing to pay the attorney registration fee; for conflict of interest and neglect of a client file; and for non-cooperation. On March 12, 1992, Neill not having responded to the petition, we ordered the allegations therein deemed admitted pursuant to Rule 13(b), Rules on Lawyers Professional Responsibility, and set a hearing to determine the appropriate discipline. The Director recommends indefinite suspension with a minimum of 1 year. We conclude that a minimum of 3 years' suspension best fits the facts and circumstances of this case.

Since 1982, respondent has been on restricted status for failure to comply with CLE requirements. Since 1985, he has been suspended for failing to pay registration fees. Nevertheless, respondent continued to represent clients from 1982 until at least 1990. *See* Rule 3, R.Sup.Ct. C.L.E.; Rule 5.5(a), Minn.R.Prof.Conduct. In 1985, respondent was retained to file a bankruptcy petition, but he neglected to file the bankruptcy petition for over a year. In 1986, respondent formed a company with three other individuals, one of whom was the bankruptcy client. In his dealings with the company, respondent acquired stock under terms that were unfair to the client; he did not fully disclose the terms of the acquisition; his personal interests as a shareholder of the company conflicted with his role as corporate counsel; and he re-

fused to honor the client's attempts to exercise stock options, misrepresenting that the company was being dissolved. *See* Rules 1.8(a), 1.7(b) and 8.4(d), Minn.R.Prof. Conduct. Finally, respondent failed to respond to inquiries from the district ethics committee and failed to cooperate with the Director's office. *See* Rule 8.1(a)(3), Minn.R.Prof.Conduct.

 To determine the appropriate sanction, the court weighs the nature of the misconduct; the cumulative weight of the disciplinary rule violations; the harm to the public; and the harm to the legal profession. *In re Isaacs,* 451 N.W.2d 209, 211 (Minn.1990). Respondent's misconduct is serious. Each violation taken alone warrants discipline, including suspension. *See In re Beman,* 451 N.W.2d 647, 648 (Minn. 1990) (90–day suspension for practicing while on CLE restricted status); *In re Dillon,* 371 N.W.2d 548 (Minn.1985) (1–year suspension for misrepresentation and taking loan from client without disclosing conflict of interest); *In re Henke,* 400 N.W.2d 720 (Minn.1987) (indefinite suspension for practicing while on CLE restricted status; neglect; lack of cooperation). Of particular concern, in our opinion, is respondent's complete lack of cooperation with the ethics investigation and the Director's office. Respondent failed to answer six letters from the Director and failed to attend two meetings. Despite personal service of the petition for disciplinary action and service by mail of the hearing date, respondent filed no answer and failed to appear at the hearing. This behavior exhibits a disturbing disregard for the disciplinary process and complete indifference to the profession of which respondent purports to be a member. *See In re Cartwright,* 282 N.W.2d 548, 552 (Minn.1979).

Respondent has previously received an admonition for neglect of a personal injury matter and failure to deliver the file to the client. Despite numerous opportunities to present mitigating circumstances in this case, respondent has failed to do so. Under the facts and circumstances of this case, we impose the following discipline:

(1) Respondent Robert C. Neill is hereby suspended indefinitely pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility (RLPR) and shall forthwith comply with the notice requirements of Rule 26, RLPR. Respondent shall not be eligible to apply for reinstatement before 3 years from the date of filing of this opinion.

(2) Reinstatement shall be conditioned upon the following:

(a) Respondent shall pay $750 in costs and disbursements to the Director pursuant to Rule 24, RLPR.

(b) Respondent shall successfully complete the professional responsibility portion of the state bar examination pursuant to Rule 18(e), RLPR.

(c) Respondent shall satisfy all continuing legal education requirements pursuant to Rule 18(e), RLPR.

SO ORDERED.