IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Patrick T. COWAN, Attorney at Law.

Supreme Court

*No. 91-2934-D. Filed October 16, 1992.*

(Also reported in 490 N.W.2d 17.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that the court suspend the license of Attorney Patrick T. Cowan to practice law in Wisconsin for a period of 90 days as discipline for professional misconduct. That misconduct consists of Attorney Cowan's having neglected a

client's divorce matter and his failure to respond to requests of the Board of Attorneys Professional Responsibility (Board) for information during its investigation of the client's grievance.

We determine that the recommended license suspension is appropriate discipline for Attorney Cowan's misconduct considered in this proceeding and in light of two other instances in which he was disciplined for similar misconduct. In addition to neglecting client legal matters, Attorney Cowan has established a pattern of failing to cooperate with the Board in its investigation of his misconduct, at times refusing to respond to their requests for information concerning his conduct. In so doing, Attorney Cowan has repeatedly breached his professional obligation as an attorney licensed by this court to practice law.

Attorney Cowan was licensed to practice law in Wisconsin in 1969 and practiced in Superior until June 2, 1992, when the court suspended his license to practice law for his failure to answer the Board's complaint in this proceeding. That suspension was imposed after Attorney Cowan did not respond to the court's order that he show cause why his license should not be suspended.

In October, 1986 Attorney Cowan was privately reprimanded by the Board for his neglect of a client's legal matter and his failure to cooperate with the Board in its investigation of that matter. In November, 1988 he consented to a public reprimand from the Board as discipline for neglect of a legal matter and for failure to cooperate in the Board's investigation of it. The referee in this proceeding is the Honorable Rodney L. Young, reserve judge.

The referee granted default judgment to the Board on its disciplinary complaint after Attorney Cowan

failed to file an answer, despite having been given three extensions of time to do so. The referee found that Attorney Cowan was retained to represent a person in a divorce matter. During the following five years while the divorce action was pending, Attorney Cowan failed to schedule a final hearing, despite numerous requests of his client to do so. When the final hearing was held on April 14, 1989, the court directed Attorney Cowan to file the divorce judgment within two weeks but he failed to do so. The findings of fact, conclusions of law and judgment of divorce were not filed until June 28, 1990, 14 months after the final hearing and more than six years after the commencement of the action. The referee concluded that Attorney Cowan neglected this client's legal matter and failed to act with reasonable diligence on behalf of his client, in violation of former SCR 20.32(3) and current SCR 20:1.3.[1]

The referee also found that Attorney Cowan did not respond to two requests from the Board to provide a written response to the client's grievance, even though it granted him two extensions of time to do so, and failed to appear at two meetings scheduled by the district professional responsibility committee to which the matter had been assigned for investigation. The referee concluded that Attorney Cowan's failure to cooperate in the investigation by the disciplinary authorities violated SCR 21.03(4)[2] and 22.07(2) and (3).[3]

---

[1]SCR 20.1.3 provides:

**Diligence**
 A lawyer shall act with reasonable diligence and promptness in representing a client.

[2]SCR 21.03 provides:

**General principles**
 . . .
 (4) Every attorney shall cooperate with the board and the

As discipline for the misconduct, the referee recommended that Attorney Cowan's license to practice law be suspended for 90 days, commencing the effective date of the court's order of temporary suspension. Because that temporary suspension was imposed as discipline for his failure to file an answer to the Board's complaint or otherwise participate in this proceeding and the license suspension recommended by the referee is to sanction other misconduct, we ordered Attorney Cowan to show cause why the recommended 90-day license suspension should not commence the date that suspension is imposed rather than as the referee had recommended. Attorney Cowan did not respond to that order to show cause.

---

administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[3]SCR 22.07 provides:

**Investigation**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

We determine that the 90-day license suspension recommended by the referee is appropriate discipline to be imposed under the circumstances before us and that the license suspension commence the date of this order of suspension. We further order that Attorney Cowan pay the costs of this proceeding, as the referee had recommended.

IT IS ORDERED that the license of Patrick T. Cowan to practice law in Wisconsin is suspended for a period of 90 days, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Patrick T. Cowan pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Patrick T. Cowan to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Patrick T. Cowan comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.