**In re Petition for DISCIPLINARY ACTION AGAINST John B. SIGLER, an Attorney at Law of the State of Minnesota.**

No. C5–93–1886.

Supreme Court of Minnesota.

March 11, 1994.

Marcia A. Johnson, Director of Lawyers Professional Responsibility Bd., Betty M. Shaw, Asst. Director, St. Paul, for appellant.

John B. Sigler, Mahtomedi, for respondent.

PER CURIAM.

On August 16, 1993, the Director of Office of Lawyers Professional Responsibility petitioned this court for disciplinary action against John B. Sigler. Sigler did not respond to the petition, and on October 4, 1993, we ordered the allegations deemed admitted pursuant to Rule 13(b), Rules on Lawyers Professional Responsibility, and set a hearing to determine the appropriate discipline. The Director recommends indefinite suspension with a minimum of one year. We conclude that a minimum of two years' suspension best fits the facts and circumstances of this case.

Pursuant to our October 4, 1993 order, we consider the following facts: John B. Sigler was admitted to practice on October 17, 1984. On January 18, 1991, respondent was placed on supervised private probation for failure to appear at a client's bankruptcy trustee/debtor meeting as promised and for failure to return client phone calls in violation of Rules 1.3 and 1.4, Minn.R.Prof.Conduct.

In January and February of 1992, respondent neglected a client and failed to return her phone calls in violation of Rules 1.3, and 1.4, Minn.R.Prof.Conduct. When the client discharged respondent and hired a new attorney, he failed to return the file until June 10 of 1992. When he finally did return the file, it did not contain an affidavit of service of her complaint. This affidavit was not provided until the district ethic's committee investigator had respondent execute an affidavit in his presence and requested that the affidavit be sent to the new attorney. Respondent's conduct violated Minn.R.Prof.Conduct 1.16(d).

Respondent's license was placed on CLE restricted status by order of this court on August 11, 1992. Respondent's license was suspended for nonpayment of attorney registration fees on October 1, 1992. Respondent continued to represent clients through at least April 19, 1993, although he knew or should have known of his restricted status and his suspension for nonpayment of attorney registration fees.

Sigler failed to cooperate with the Office of Lawyers Professional Responsibility on the following occasions: he failed to reply to letters dated July 10, 1992 and October 27, 1992, as well as numerous phone calls requesting status reports regarding his continuing legal education credits, and although

he assured the Director at a meeting on November 24, 1992 that he would either immediately make his license current or stop practice, he continued to represent clients through at least April 19, 1993.

Respondent appeared on behalf of clients at a probable cause hearing on or about August 23, 1992, at a Rasmussen hearing on November 3, 1992, and at what the Director refers to as a "pre-sentence investigation" hearing before Judge Kathleen Gearin on January 6, 1993. Respondent appeared with a client at a court trial on a conciliation court appeal before Judge Gearin on April 19, 1993, and requested a continuance in order that the client might obtain qualified and competent counsel. The client informed Judge Gearin that respondent had not informed him of his inability to represent him until the morning the trial was scheduled.

Respondent failed to respond to an April 27, 1993 notice of investigation regarding Judge Gearin's complaint or to letters dated January 5 and January 25, 1993, regarding his practice status. Subsequent letters dated May 12 of 1993 and July 2 of 1993 as well as phone calls have also gone unanswered.

To determine the appropriate sanction, we weigh the nature of the misconduct, the cumulative weight of the disciplinary rule violations, the harm to the public and the harm to the legal profession. *In re Isaacs,* 451 N.W.2d 209, 211 (Minn.1990). We look to similar cases to assist us in determining the proper discipline. Based on our cases, each of respondent's violations taken alone would warrant discipline including suspension. *In re Wertz,* 442 N.W.2d 781 (Minn. 1989) (90 days' suspension for practicing law while on CLE restricted status and while suspended for failure to pay attorney registration fee). *In re Beman,* 451 N.W.2d 647 (Minn.1990) (90 days' suspension for practicing law while on restricted status for noncompliance with CLE where there was no allegation or showing of harm to the public). *In re Jensen,* 418 N.W.2d 721 (Minn.1988) (indefinite suspension for practicing law while suspended for failure to pay the attorney registration fee, failure to cooperate with disciplinary proceedings and neglect of two client matters).

In a similar and even more recent case, *In re Neill,* 486 N.W.2d 150 (Minn.1992), we suspended an attorney for a minimum of three years for practicing law while on restricted status for noncompliance with continuing legal education requirements and while suspended for failing to pay attorney registration fee, for failing to disclose to a client a conflict of interest, neglecting a client file and failing to cooperate with the ethics' investigation and the Office of Director of Lawyers Professional Responsibility. Mr. Neill practiced for a longer period while on restricted status than Sigler has. In *In re Neill,* we noted our particular concern was the respondent's complete lack of cooperation with the ethics investigation and the Director's office and the fact that he had filed no answer and failed to appear at the hearing. We noted this behavior exhibited a disturbing disregard for the disciplinary process and a complete indifference to the profession which respondent purports to be a member.

In this case as well, Mr. Sigler has acted with complete disregard to rules and this court's August 11, 1992 order. By appearing in court and failing to inform at least two clients that he was not licensed to represent them, he has put his clients at a disadvantage and caused loss of time and inconvenience to all parties and he has wasted scarce judicial resources. He has failed to cooperate with the disciplinary system. While on supervised probation, he failed to provide the Director with better information regarding his continuing legal education status and the status of his practice.

After receiving the April 27, 1993 notice of investigation, he failed to appear for scheduled meetings, failed to respond to letters and phone messages.

When charges were issued, he failed to attend a prehearing meeting. He has failed to respond to or acknowledge any motion or petitions filed upon him.

Petitioner has failed to present any mitigating circumstances. We emphasize again if we are to protect the public, we cannot ignore conduct such as this where Sigler has acted with complete disregard for the disci-

plinary process. We will insist on strict adherence to the disciplinary rules of this court.

Under the facts of this case, we impose the following discipline:

(1) Respondent John Sigler is suspended indefinitely from the practice of law pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility (RLPR) and he shall comply with the notice requirements of Rule 26, RLPR. Respondent shall not be eligible to apply for reinstatement to the practice of law before two years from the date of filing of this opinion.

(2) Reinstatement shall be conditioned on the following:

(a) Respondent shall pay $750 in costs and disbursements to the Director pursuant to Rule 24, RLPR.

(b) Respondent shall successfully complete the professional responsibility portion of the State Bar Examination pursuant to Rule 18(e), RLPR.

(c) Respondent shall satisfy all continuing legal education requirements pursuant to Rule 18(e), RLPR.

IT IS SO ORDERED.