In re Petition for DISCIPLINARY ACTION AGAINST Patrick T. COWAN, an Attorney at Law of the State of Minnesota.

No. C7–95–1330.

Supreme Court of Minnesota.

Dec. 15, 1995.

OPINION

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility filed a petition and a supplementary petition for disciplinary action against respondent, Patrick T. Cowan, for his failure to cooperate with the Director's attempts to investigate client complaints. Respondent never filed an answer to the petitions, and the allegations contained therein were deemed admitted by this court on August 24, 1995 pursuant to Rule 13(b), Rules on Lawyers Professional Responsibility (RLPR). Accordingly, the only issue remaining is the appropriate discipline to be imposed.

Respondent was admitted to practice law in Minnesota and Wisconsin in 1969, and currently resides in Superior, Wisconsin. He has a lengthy history of attorney discipline in both states. In 1980, respondent was privately reprimanded in Minnesota for neglecting a client matter, and in 1983, he was admonished for misrepresenting to opposing counsel that he had a client's settlement funds in his possession. In addition, the Wisconsin Board of Attorneys Professional Responsibility ("BAPR") privately reprimanded respondent in 1986 for neglecting a legal matter and failing to cooperate with an investigation. BAPR publicly reprimanded respondent two years later for similar misconduct.

The current petition by the Director for disciplinary action against respondent consists of four separate counts of misconduct. The first count arises from a past disciplinary proceeding in Wisconsin. In June 1992, pending the resolution of a complaint by BAPR, respondent was temporarily suspended from practicing law in Wisconsin due to his neglect of a client's divorce proceeding and his failure to respond to the investigation by BAPR. In October 1992, the Wisconsin Supreme Court imposed a 90-day suspension for respondent's neglect of several legal matters, including the divorce,

Patrick T. Cowan, Superior, WI, pro se.

Marcia Johnson, Director, Office of Lawyers Responsibility, St. Paul, for respondent.

and his failure to cooperate with the 1986, 1988 and 1992 investigations by BAPR. *In re Cowan,* 171 Wis.2d 71, 490 N.W.2d 17, 18 (1992). Respondent's misconduct, as set forth in that court's opinion, violated Minn. R.Prof. Conduct 1.3, 1.4, 3.2, 8.1(a)(3) and 8.4(d). Although the 90–day period has elapsed, respondent's license has not been reinstated since June 1992 due to his failure to comply with the Wisconsin court's conditions for reinstatement.

■ The second count of misconduct cites respondent's failure to return an abstract of a client's property in Duluth, Minnesota to the subsequent purchaser despite numerous requests over a 20–year period. This refusal to comply with the purchaser's requests for the abstract violated Minn. R.Prof. Conduct 1.4 and 1.15(b)(4). The purchaser of the property eventually filed a complaint with the Office of Lawyers Professional Responsibility in June 1994. The Director's office attempted several times to contact respondent by mail concerning this complaint, but respondent never answered the Director's letters and also failed to appear at a pre-hearing meeting. His failure to participate in the investigation violated Minn. R.Prof. Conduct 8.1(a)(3) and Rule 25, RLPR, and forms the basis of the third count of misconduct in the Director's petition.

■ Finally, the supplementary petition filed by the Director cites respondent's failure to cooperate with a current disciplinary proceeding in Wisconsin. BAPR filed a new complaint against respondent in March 1995 due to another client's assertion that respondent failed to return an abstract of title to the client, two incidents in Wisconsin where respondent misrepresented his status as a licensed attorney, and respondent's repeated failure to cooperate with BAPR's investigation of these complaints. These acts by respondent violated numerous provisions of the Minnesota Rules of Professional Conduct, including Rules 5.5(a), 1.15(b)(4), 1.16(d), 3.4(c), 8.1(a)(3) and 8.4(c)-(d). BAPR has recommended that respondent's license be suspended for six months, but the issue of the appropriate discipline to be imposed is still pending before the Wisconsin Supreme Court.

An attorney must cooperate with disciplinary authorities in the investigation of client complaints. *See* Minn.R.Prof. Conduct 8.1(a)(3); Rule 25, RLPR. We have previously held that an attorney's failure to cooperate with an investigation can lead to indefinite suspension from the practice of law. *In re Sigler,* 512 N.W.2d 899 (Minn.1994); *In re Neill,* 486 N.W.2d 150 (Minn.1992); *In re Gillen,* 452 N.W.2d 647 (Minn.1990). Furthermore, acts of misconduct by a Minnesota attorney practicing outside of this state are grounds for discipline by this court under Minn.R.Prof. Conduct 8.5.

■ In this case, the combination of respondent's extensive disciplinary history and his unprecedented record of noncooperation with the Office of Lawyers Professional Responsibility lead us to the conclusion that respondent's license to practice law in this state must be suspended indefinitely. Because respondent never answered the Director's petitions, he presented no evidence of mitigating factors for our consideration. We note that respondent complained of various physical problems to the referee in the Wisconsin proceeding. However, we cannot take such factors into account without clear and convincing evidence of physical or psychological disorders. *In re Weyhrich,* 339 N.W.2d 274, 279 (Minn.1983).

Rather than designate a minimum period of suspension, we choose to defer to the pending judgment of the Wisconsin Supreme Court on the appropriate suspension term. Accordingly, respondent is indefinitely suspended from the practice of law in Minnesota, and we will only consider reinstatement if and when he successfully petitions for reinstatement in Wisconsin. This indefinite suspension will begin immediately, and respondent therefore must follow the provisions of Rules 24 and 26, RLPR.

Any future reinstatement of respondent's license to practice law in Minnesota is further conditioned upon: (1) compliance with the requirements of Rule 18, RLPR, including satisfaction of his Continuing Legal Education requirements and successful completion of the professional responsibility portion of the bar examination, and (2) the provision

of adequate medical and psychological evidence to demonstrate that respondent has no physical or mental problems that would prevent him from practicing law in a diligent, competent and ethical manner.

Respondent is indefinitely suspended.