IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Patrick T. COWAN, Attorney at Law.

Supreme Court

*No. 95–0641–D. Filed December 21, 1995.*

(Also reported in 541 N.W.2d 478.)

PER CURIAM. We review the recommendation of the referee that the license of Patrick T. Cowan to

practice law in Wisconsin be suspended for six months as discipline for professional misconduct. That misconduct consisted of his continuing to practice law while his license was suspended for misconduct, failing to return property to a client upon request, and failing to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation of three grievances.

We determine that the recommended license suspension is appropriate discipline to impose for Attorney Cowan's misconduct. He has established a pattern of not responding timely to client matters and has repeatedly refused to cooperate with the disciplinary authorities. We also impose as a condition of the reinstatement of his license the recommendation of the referee concerning Attorney Cowan's fitness to resume the practice of law.

Attorney Cowan was admitted to practice law in Wisconsin in 1969 and practices in Superior. His license is currently suspended, pursuant to court order of October 16, 1992, when it was suspended for 90 days as discipline for neglect of a client's legal matter and his failure to cooperate with the disciplinary authorities in its investigation. *In re Disciplinary Proceedings Against Cowan*, 171 Wis. 2d 71, 490 N.W.2d 17 (1992). That suspension continues for the reason that Attorney Cowan has not provided the Board the requisite documentation that he terminated his law practice and notified his clients of the suspension and has not paid the costs of the proceeding. Prior to that suspension, Attorney Cowan was twice disciplined for professional misconduct: he received a private reprimand from the Board in October, 1986 for neglect of client matters and failure to cooperate with the Board; the Board publicly reprimanded him, with his consent, October 27, 1988,

for his neglect of three client matters and his failure to cooperate with the Board.

The referee, the Honorable Timothy L. Vocke, reserve judge, made findings of fact based on the allegations of the Board's complaint, as Attorney Cowan did not file timely an answer or other responsive pleading. In March, 1993, while his license was suspended, Attorney Cowan was in the Douglas county courthouse and discussed settlement with the attorney for the plaintiff in a replevin action on behalf of the defendant, who had appeared pro se at the initial hearing. Attorney Cowan told the plaintiff's counsel that he was a licensed attorney, but stated that he was not in fact representing the defendant but was assisting him because he was a family friend. Upon further inquiry, Attorney Cowan acknowledged that his license to practice law currently was under suspension. Attorney Cowan did not respond to two letters from the Board requesting information concerning this matter, but he subsequently did respond to questions from the district committee to which the matter was referred for investigation.

Also in March, 1993, while accompanying people posting bail for a person being held in Douglas county jail, Attorney Cowan learned that another person with whom he was acquainted was being held. Attorney Cowan thereupon asked the jailer where his "client" was, demanding to talk to him immediately. When asked whether his license to practice law had been reinstated following its earlier suspension, Attorney Cowan told the jailer that it had been. When the Board received a grievance from the sheriff regarding this incident, it sent two letters to Attorney Cowan requesting a response, but he did not respond, although he ultimately answered questions put to him by the dis-

trict committee. A third matter concerned Attorney Cowan's failure to respond to requests by a former divorce client in early 1992 to return the abstract of title for property she had been awarded in that action, which she intended to sell. During its investigation, the district committee learned that the purchaser of the property had withheld $250 from the purchase practice because of the lack of a proper abstract of title. Attorney Cowan did not respond to two letters from the Board regarding the client's grievance, but he ultimately produced the client's file, in which the abstract was located. The abstract was returned to the client in early February, 1993.

On the basis of the foregoing facts, the referee concluded as follows. Attorney Cowan violated SCR 22.26(2)[1] by continuing to engage in the practice of law while his license to do so was under suspension by order of the court; his refusal to return client property upon request violated SCR 20:1.16(d);[2] his refusal to

---

[1] SCR 22.26 provides, in pertinent part:

**Activities on revocation or suspension of license.**

. . .

(2) A suspended or disbarred attorney may not engage in the practice of law or in any law work activity customarily done by law students, law clerks or other paralegal personnel, except that he or she may engage in law related work for a commercial employer not itself engaged in the practice of law.

[2] SCR 20:1.16 provides, in pertinent part:

**Declining or terminating representation**

. . .

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

respond to requests from the Board for information regarding grievances concerning his conduct violated SCR 21.03(4)[3] and 22.07(2).[4]

In recommending a six-month license suspension as discipline for that misconduct, the referee noted several aggravating factors, including Attorney Cowan's prior discipline, his continued pattern of refusing to respond to the Board seeking information during its investigation into allegations of his misconduct, and his failure to participate timely in the instant disciplinary proceeding. The referee considered as mitigating factors that there was no evidence of moral turpitude or dishonesty in respect to the misconduct established in this proceeding or that any client was injured by it.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended

---

[3] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[4] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

discipline should be imposed for Attorney Cowan's professional misconduct.

IT IS ORDERED that the license of Attorney Patrick T. Cowan to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Patrick T. Cowan pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Patrick T. Cowan to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Patrick T. Cowan comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.