In re Petition for DISCIPLINARY ACTION AGAINST Alfred Milton STANBURY, an Attorney at Law of the State of Minnesota.

No. CX–96–859.

Supreme Court of Minnesota.

July 20, 2000.

Alfred Milton Stanbury, pro se.

Edward J. Cleary, Director, Timothy M. Burke, Senior Assistant Director, Office of Lawyers of Professional Responsibility, for respondent.

## OPINION

PER CURIAM.

We consider the appropriate discipline for respondent Alfred Milton Stanbury due to his failure to cooperate in a disciplinary investigation. The Director of the Office of Lawyers Professional Responsibility petitioned this court to discipline Stanbury because he failed to cooperate with the Director or the District Ethics Committee (DEC) investigator for a period of ten

months. Subsequent to the disciplinary hearing, the referee concluded that Stanbury's noncooperation violated Minn. R. Prof. Conduct 8.1(a)(3), 8.4(a), (d), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR) and that his substantial disciplinary history was a serious aggravating factor. The referee recommended that we publicly reprimand Stanbury and place him on unsupervised probation for two years. We agree with the referee's recommendation.

Stanbury was admitted to the practice of law in Minnesota in 1988 and has a lengthy disciplinary history. In 1991 he was admonished for twice executing false proofs of service and using them to obtain subpoenas. He was admonished again in 1994 for refusing to return a client's file after withdrawing from representation, insisting that she come to his home alone to retrieve the file, and asserting a claim against the client for fees for work he withheld from her. In 1996 he was admonished for serving a garnishment summons on a person's employer when he knew that person was not a judgment debtor. We publicly reprimanded Stanbury in 1997 for failing to satisfy a judgment against him for computer research service fees and suspended him from the practice of law for 30 days for stopping payment on a check for a court filing fee. *See In re Stanbury*, 561 N.W.2d 507, 513 (Minn.1997). We required that prior to being reinstated to the practice of law he pay the judgment and the court filing fee and that he pass the professional responsibility examination within one year. *See id.* He was reinstated effective May 16, 1997. *See In re Stanbury*, 562 N.W.2d 685, 685 (Minn.1997). He was also admonished in 1997 for making an obscene remark to a representative of Anoka County Social Services in a settlement discussion and for failing to cooperate in the ensuing disciplinary investigation.

After a former client filed a complaint against Stanbury, the Director sent Stanbury a notice of investigation on December 31, 1997. This notice requested that Stanbury respond to the allegations with the named DEC investigator within 14 days. On January 20, 1998, the Director mailed Stanbury a notice informing him that another investigator had been assigned to the matter pursuant to Stanbury's request and again requesting a written response to the allegations within 14 days. Stanbury did not respond. The investigator wrote to him on February 23, 1998, and informed him that he had not yet received a response to the complaint. Stanbury then wrote to the Director on March 2, 1998, and explained that he was occupied with trial preparations and objected to the appointment of the second investigator on the ground that several potential conflicts existed. The Director notified Stanbury by letter of March 5, 1998, that he would not reassign the matter to a different investigator a second time. On March 27, 1998, the investigator wrote to Stanbury again requesting an explanation of his conduct.

Stanbury did not respond to the allegations until a meeting with the DEC on October 2, 1998, and then only addressed them verbally. Following this meeting, on October 20, 1998, the Director wrote to Stanbury and requested that he provide information regarding the complaint. He responded in writing for the first time on November 4, 1998.

The Director then issued several charges of unprofessional conduct. The Lawyers Professional Responsibility Board Panel found that probable cause supported the noncooperation charge. The panel issued an admonition to Stanbury for failure to communicate a settlement offer from a client to an opposing party in violation of Minn. R. Prof. Conduct 1.2(a) and found no probable cause as to several other charges.

The Director petitioned this court to sanction Stanbury for noncooperation. Stanbury answered the petition and appeared at the hearing before the referee. He admitted that he did not contact the DEC investigator between March 5, 1998,

when the Director notified him that it had denied his request to reassign the investigation, and October 2, 1998, when he attended the DEC meeting, and that he first responded to the charges in writing on November 4, 1998. He testified that he received the Director's letters but did not recall receiving the investigator's letter dated March 27, 1998. He also testified that he did not request an extension of time in which to provide an explanation to the investigator.

In explaining his conduct, Stanbury testified that on January 22, 1998, he notified the DEC investigator by telephone and by fax that he had been involved in an automobile accident on January 16, 1998. He also testified that in February of 1998 he began but never completed a written response to the DEC investigator. Further, he stated that he received the notice of the DEC meeting in early August and "at that point, I did not feel there was any need to respond to anybody." Finally, Stanbury

stated that his obligations to his clients prevented him from responding earlier to the allegations and suggested that the complaint brought against him was retaliatory.

The referee found that Stanbury first responded verbally to the complainants' allegations at the DEC meeting on October 2, 1998, ten months after the Director mailed him the notice of investigation, and that he first responded in writing on November 4, 1999. The referee also found that Stanbury never requested or received an extension of time to answer and that circumstances, including the automobile accident, did not prevent him from responding to the complaint. Further, the referee found that Stanbury offered no evidence that he regretted his wrongful conduct or that he had instituted measures to prevent further misconduct. The referee therefore concluded that Stanbury violated Minn. R. Prof. Conduct 8.1(a)(3), 8.4(a), (d), and Rule 25, RLPR [1], by fail-

---

1. Minnesota Rules of Professional Conduct 8.1(a)(3) provides that an attorney must cooperate with a disciplinary investigation by responding appropriately to requests for information:

    (a) [A] lawyer * * * in connection with a disciplinary matter, shall not:
    * * * *
    (3) knowingly fail to respond to an admissions or discipline authority's lawfully authorized demand for information by either providing the information sought or making a good faith challenge to the demand.

Minn. R. Prof. Conduct 8.1(a)(3).

Rule 25, Rules on Lawyers Professional Responsibility, similarly requires that in an investigation an attorney must furnish upon request a complete explanation and requested documents as well as attend all conferences and hearings related to the disciplinary process:

    (a) It shall be the duty of any lawyer who is the subject of an investigation or proceeding under these Rules to cooperate with the District Committee, the Director, the Director's staff, the Board, or a Panel, by complying with reasonable requests, including requests to:
    (1) Furnish designated papers, documents or tangible objects;

    (2) Furnish in writing a full and complete explanation covering the matter under consideration;
    (3) Appear for conferences and hearings at the times and places designated.
    Such requests shall not be disproportionate to the gravity and complexity of the alleged ethical violations. * * *
    (b) Violation of this Rule is unprofessional conduct and shall constitute a ground for discipline; provided, however, that a lawyer's challenge to the Director's requests shall not constitute lack of cooperation if the challenge is promptly made, is in good faith and is asserted for a substantial purpose other than delay.

Rule 25, RLPR.

Minnesota Rules of Professional Conduct 8.4 states that it is professional misconduct for an attorney to violate the Rules of Professional Conduct or engage in any conduct that is prejudicial to the administration of justice:
    It is professional misconduct for a lawyer to:

    (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
    * * * *
    (d) engage in conduct that is prejudicial to the administration of justice * * *.

Minn. R. Prof. Conduct 8.4(a), (d).

ing to cooperate in the investigation; that he acted intentionally; that his explanations did not excuse or mitigate his misconduct; and that his disciplinary history substantially aggravated his misconduct. He recommended that Stanbury be publicly reprimanded and placed on unsupervised probation for two years, on the condition Stanbury abide by the Rules of Professional Conduct and cooperate with the Director's office in its monitoring efforts. Stanbury timely ordered a transcript of the hearing and therefore the referee's findings and conclusions are not deemed conclusive pursuant to Rule 14(e), RLPR.

■ We will set aside a referee's findings only if we conclude they are clearly erroneous. *See In re Wyant,* 533 N.W.2d 397, 400 (Minn.1995). While Stanbury has not clearly identified the findings and conclusions that he is challenging, he suggests that his behavior was not intentional and that his obligations to his clients mitigated his failure to cooperate. At the hearing, Stanbury admitted that he failed to reply to the Director or the DEC investigator for a period of ten months and that he did not request an extension of time to answer. Further, Stanbury presented no evidence demonstrating that his obligations to his clients or other circumstances prevented him from cooperating with the investigation. We conclude that the referee's findings are supported by the evidence and decline to set them aside.

■ Turning to the issue of discipline, we give great weight to a referee's recommendation regarding a disciplinary sanction but retain the final responsibility for determining an appropriate sanction. *See In re Simonson,* 420 N.W.2d 903, 906 (Minn.1988). In determining an appropriate sanction for attorney misconduct, we consider the nature of the misconduct, the cumulative weight of the rule violations, and the harm to the public and to the legal profession. *See In re Sigler,* 512 N.W.2d 899, 901 (Minn.1994). We impose sanctions based on the facts of the particular

case considering both aggravating and mitigating circumstances, *see In re Iliff,* 487 N.W.2d 234, 236 (Minn.1992), but look to similar cases for guidance in determining the appropriate discipline, *see In re Sigler,* 512 N.W.2d at 901. We weigh the relevant factors in light of the purpose of attorney discipline which is not to punish the attorney but rather to protect the courts, the public and the legal profession, and to guard the administration of justice. *See In re Madsen,* 426 N.W.2d 434, 435 (Minn. 1988).

We have long recognized that it is imperative that an attorney cooperate in a disciplinary investigation, *see In re Engel,* 538 N.W.2d 906, 907 (Minn.1995), and that failure to cooperate is grounds for public discipline, including suspension, *see id.* (holding failure to cooperate warrants indefinite suspension); *In re Neill,* 486 N.W.2d 150, 151 (Minn.1992) (holding failure to cooperate, without more, warrants suspension); *In re Cartwright,* 282 N.W.2d 548, 552 (Minn.1979) (suspending attorney for six months due to noncooperation). We have disciplined attorneys for failure to cooperate with an investigator as well as with the Director. *See In re Olson,* 545 N.W.2d 35, 36–37 (Minn.1996).

We have also sanctioned attorneys for noncooperation even where they eventually complied with some of the Director's requests. *See In re Terrazas,* 581 N.W.2d 841, 843, 845 (Minn.1998). In *In re Terrazas,* the attorney replied late to some of the Director's inquiries and not at all to others and did not comply with discovery requests until the court ordered that he do so. *Id.* at 843. We publicly reprimanded Terrazas and placed him on probation for two years based on his noncooperation as well as other disciplinary rule violations. *See id.* at 846.

■ *Terrazas* makes plain that failure to cooperate with either the Director or the investigator for ten months warrants discipline and, in light of the aggravating factors present in this case, we conclude

that public discipline is appropriate. Stanbury's extensive disciplinary history significantly aggravates the seriousness of his current misconduct. *See In re Getty,* 452 N.W.2d 694, 698 (Minn.1990) (noting that previous misconduct is a relevant factor in determining an appropriate sanction). We have stated that following discipline we expect an attorney to demonstrate a "renewed commitment" to ethical conduct. *In re Jensen,* 542 N.W.2d 627, 632 (Minn. 1996). Such a commitment is not apparent from Stanbury's disciplinary history. Prior to this investigation, Stanbury received admonitions for several instances of misconduct, including noncooperation in a previous disciplinary investigation. We also publicly reprimanded Stanbury and suspended him from the practice of law for 30 days due to professional misconduct. Yet Stanbury is again before this court and facing discipline for noncooperation for the second time. Stanbury's lack of remorse is an additional aggravating factor. *See In re Pokorny,* 453 N.W.2d 345, 348 (Minn. 1990). Based on these aggravating factors, we conclude that a public reprimand and two years of unsupervised probation is an appropriate sanction for Stanbury's failure to cooperate.

■ Stanbury argues that because the panel did not find probable cause as to all of the Director's charges against him, the Director is not the "prevailing party" in this proceeding pursuant to Rule 24(a), RLPR and therefore an award of costs to the Director would be contrary to the RLPR. We disagree. We hold that Stanbury's misconduct warrants public discipline and therefore render a decision in the Director's favor. *See generally Borchert v. Maloney,* 581 N.W.2d 838, 840 (Minn.1998) (holding that prevailing party pursuant to Minn.Stat. ch. 549 is party "in whose favor the decision or verdict is rendered and judgment entered") (footnote omitted). We hold that the Director is the prevailing party pursuant to Rule 24(a), RLPR.

We publicly reprimand respondent Alfred Milton Stanbury and place him on unsupervised probation for a period of two years subject to the following conditions:

(1) Stanbury shall abide by the Minnesota Rules of Professional Conduct.

(2) Stanbury shall cooperate fully with the Director's office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

We also order that Stanbury pay $900 in costs and disbursements pursuant to Rule 24(a), (b), RLPR.

So ordered.