In re Petition for DISCIPLINARY ACTION AGAINST Richard G. GOMSRUD, an Attorney at Law of the State of Minnesota.

No. C2–99–742.

Supreme Court of Minnesota.

Nov. 16, 2000.

Edward J. Cleary, Director, Patrick R. Burns, Senior Assistant Director, Office of Lawyers Professional Responsibility, St. Paul, for petitioner.

Richard G. Gomsrud, St. Paul, for respondent.

## OPINION

PER CURIAM.

■ Richard Gomsrud practiced law while suspended for failing to pay his attorney registration fees and while on restricted status for failing to comply with continuing legal education (CLE) requirements. While suspended, he practiced law by holding himself out as a licensed attorney and accepting a retainer from a client. Gomsrud failed to provide services or respond to his client's telephone calls. He also failed to cooperate in the Office of Lawyers Professional Responsibility's ensuing investigation. We hold that such misconduct, taken as a whole, warrants

indefinite suspension of Gomsrud's license to practice law.

Gomsrud was admitted to practice law in Minnesota in October 1972. In 1986, he was placed on restricted status for failing to meet CLE requirements and, in 1995, he was suspended for failing to pay attorney registration fees.

Following his suspension, Gomsrud held himself out as a licensed attorney to Donald W. Beaudry. Beaudry paid Gomsrud a $700 retainer in October 1997 to assist in reinstating Beaudry's insurance license. Gomsrud failed to provide any services. He also failed to return numerous telephone calls from Beaudry. Beaudry reported Gomsrud to the Office of Lawyers Professional Responsibility.

Gomsrud did not cooperate with the Office of Lawyers Professional Responsibility's ensuing investigation. The Director sent four written requests in one month requesting Gomsrud's reply. Gomsrud did not respond. The Director prepared charges of unprofessional conduct, assigned them to a disciplinary panel and scheduled a prehearing meeting. Gomsrud received notice of the charges and of the prehearing meeting but failed to answer the charges or to attend the meeting.

The Director then applied to this court for an order suspending Gomsrud from the practice of law. This court suspended Gomsrud, giving him one year to move the court to vacate the order and for leave to answer the disciplinary petition. Gomsrud took no action.

The Director then filed a petition to indefinitely suspend Gomsrud's license for violating Minn.R.Prof.Conduct 1.3,[1] 1.4,[2] 5.5(a)[3] and 8.1(a)(3)[4] and Rule 25,[5] Rules on Lawyers Professional Responsibility (RLPR). Gomsrud failed to file an answer. The allegations, therefore, are deemed admitted under Rule 13(b), RLPR.[6]

The primary purpose in disciplining an attorney is not to punish the attorney but to protect the courts, the administration of justice, the legal profession and the public. *See In re Perry,* 494 N.W.2d 290, 292 (Minn.1992). The sanctions imposed depend on the nature of the misconduct, the cumulative weight of the rule violations and the harm to the public and legal profession. *See In re Sigler,* 512 N.W.2d 899, 901 (Minn.1994); *In re Isaacs,* 406 N.W.2d 526, 529 (Minn.1987). We are guided by discipline imposed in similar cases. *See Sigler,* 512 N.W.2d at 901.

In *In re Beman,* we held that failing to comply with CLE requirements alone merited a 90 day suspension. 451 N.W.2d 647, 648 (Minn.1990). In *In re Cartwright,* we

1. "A lawyer shall act with reasonable diligence and promptness in representing a client." Minn.R.Prof.Conduct 1.3.

2. "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information. (b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." *Id.* at 1.4.

3. "A lawyer shall not: (a) practice law in a jurisdiction where to do so violates the regulation of the legal profession in that jurisdiction * * *." *Id.* at 5.5(a).

4. "[A] lawyer * * * in connection with a disciplinary matter, shall not: * * * (3) knowingly fail to respond to an admissions or disci-

pline authority's lawfully authorized demand for information by either providing the information sought or making a good faith challenge to the demand." *Id.* at 8.1(a)(3).

5. "(a) It shall be the duty of any lawyer who is the subject of an investigation or proceeding under these Rules to cooperate with the * * * Director * * * by complying with reasonable requests * * *.
    * * * *
    (b) * * * Violation of this Rule is unprofessional conduct and shall constitute a ground for discipline * * *." Rule 25, RLPR.

6. "If the respondent fails to file an answer within the time provided * * *, the petition's allegations shall be deemed admitted and this court may proceed under Rule 15." Rule 13(b), RLPR.

said that repeatedly refusing to participate in disciplinary investigations warranted a six-month suspension. 282 N.W.2d 548, 552 (Minn.1979). We noted in *Cartwright,* and repeat now, that it is incumbent upon attorneys to cooperate in any investigation involving complaints against them and that failure to cooperate is professional misconduct. *Id.* at 551–52.

When violations similar to the violations in this case cumulate, we have imposed indefinite suspension. *See In re Lallier,* 555 N.W.2d 903, 908 (Minn.1996) (imposing indefinite suspension for practicing law while on restricted status, failing to pay attorney registration fees and failing to cooperate in disciplinary proceedings); *see also In re Merlin,* 572 N.W.2d 737, 741 (Minn.1998) (ordering indefinite suspension of an attorney who practiced law while suspended for failing to pay attorney registration fees, neglected client matters and failed to cooperate in the disciplinary investigation); *In re Jensen,* 418 N.W.2d 721, 723 (Minn.1988); *In the Matter of O'Brien,* 362 N.W.2d 307, 308 (Minn.1985).

Gomsrud practiced law while suspended for failing to pay attorney registration fees and while on restricted status for failing to meet CLE requirements. He practiced law by holding himself out as a licensed attorney and accepting a retainer. He failed to provide any services and failed to cooperate in the ensuing disciplinary investigation. These violations undermine public trust in the legal profession and the integrity of the lawyer disciplinary system. Indefinite suspension is appropriate.[7]

We order that Gomsrud be indefinitely suspended from the practice of law, effective immediately. Reinstatement is conditioned upon proof of fitness to practice law under Rule 18, RLPR, and compliance with Rule 26, RLPR. Costs in the amount

7. Continued practice of law while suspended will subject respondent to possible disbarment. *See In re Schmidt,* 586 N.W.2d 774,

of $900 are awarded to the Director. *See* Rule 24, RLPR.

776 (Minn.1998); *In re Hunter,* 473 N.W.2d 866, 869 (Minn.1991).