In re Petition for DISCIPLINARY ACTION AGAINST Susan Lynn ENGEL, an Attorney at Law of the State of Minnesota.

No. C3–95–1471.

Supreme Court of Minnesota.

Nov. 3, 1995.

Susan Lynn Engel, White Bear Lake, Attorney Pro Se.

Marcia A. Johnson, Director; Craig D. Klausing, Assistant Director, Lawyers Professional Responsibility, St. Paul, for appellant.

OPINION

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility filed a petition for disciplinary action against respondent Susan Lynn Engel alleging noncooperation with the Director's efforts to investigate client complaints of neglect and failure to communicate. Respondent did not file an answer to the petition and the allegations of that petition were deemed admitted pursuant to Rule 13(b), Rules on Lawyers Professional Responsibility. The only issue before this court is the appropriate discipline to be imposed.

Respondent was admitted to practice in Minnesota on October 28, 1988 and has a prior disciplinary history; she received an admonition for neglect of a probate matter, failing to adequately communicate with clients and failing to timely respond to investigators' inquiry in violation of Rules 1.3, 1.4(a), 8.1(a)(3), Minnesota Rules of Professional Conduct, and Rule 25, RLPR.

The instant petition for disciplinary action arises from respondent's serious disregard of the Director's attempts to investigate allegations of neglect and failure to communicate with two clients. Inquiries from the Director's office went unanswered and, while the investigation was pending, respondent's license to practice law was suspended for nonpayment of her attorney registration fee on January 1, 1995. Respondent's conduct in failing to respond to complaints of unprofessional conduct and in failing to cooperate with any of the Director's efforts to investigate those complaints constitutes a violation of Rules 8.1(a)(3) and 8.4(d), Minnesota Rules of Professional Conduct, as well as Rule 25 RLPR.

We have long recognized that it is imperative that an attorney cooperate with disciplinary authorities in their investigation and resolution of complaints against the lawyer. *In re Sigler,* 512 N.W.2d 899 (Minn. 1994); *In re Cartwright,* 282 N.W.2d 548 (Minn.1979); *In re Larson,* 210 Minn. 414, 298 N.W. 707 (1941).

Here, while the allegations of misconduct underlying the Director's investigation identify instances of client neglect and frustration, respondent's failure to cooperate with the inquiry into the validity and seriousness of those complaints has greatly hampered the investigatory efforts and demonstrates respondent's failure to acknowledge either the seriousness of the proceeding or her disregard for her basic obligations as an attorney or a present inability to deal with any consequences for her actions.

In any event, the failure to cooperate is viewed as an act of misconduct warranting an indefinite suspension from the practice of law. We specifically decline to designate a minimum period of time which must elapse before respondent is permitted to apply for reinstatement. Before reinstatement, respondent shall comply with Rules 24 and 26, RLPR; must satisfy the continuing legal education requirements of Rule 18(e), RLPR; and must provide evidence of any current treatment for the condition she earlier claimed had affected her ability to practice law and evidence of her fitness to practice law. We waive the requirement that she successfully complete the professional responsibility examination offered by the Board of Law Examiners.

Indefinite suspension.