**In re Petition for DISCIPLINARY ACTION AGAINST Jeffrey L. ORREN, an Attorney at Law of the State of Minnesota.**

No. C4–98–2269.

Supreme Court of Minnesota.

March 25, 1999.

Martin A. Cole, Office of Lawyers Professional Responsibility, St. Paul, for petitioner.

Jeffrey L. Orren, St. Paul, for respondent.

## OPINION

PER CURIAM.

On October 28, 1998, the Director of the Office of Lawyers Professional Responsibility charged respondent, Jeffrey L. Orren, with unprofessional conduct in connection with his representation of clients and his failure to cooperate with the director's investigation. Respondent failed to respond to the charges and failed to appear at the November 13, 1998, prehearing meeting. On January 6, 1999, the director filed a motion for summary relief. On January 28, 1999, we granted the director's motion and must now decide on the appropriate discipline.

Because respondent has failed to file an answer to the director's petition for disciplinary action, the allegations contained in the petition are admitted. *See* Rule 13(b), Rules on Lawyers Professional Responsibility (RLPR). Thus, the following facts and allegations are not in dispute.

Respondent was admitted to practice law in Minnesota on October 3, 1986, and respondent last practiced law in St. Paul. Nothing in the record indicates any previous disciplinary history.

On October 3, 1997, a complaint was lodged against respondent by a client, Deborah Lopez, alleging failure to communicate and other misconduct not specified in the petition. Despite numerous attempts by the director's office to contact respondent and to investigate this matter, respondent has never responded in writing or appeared at any proceeding or other scheduled meeting.

The second allegation of misconduct came after D. Scott Klemp, an attorney practicing at respondent's former business address, filed a complaint with the director alleging that respondent was improperly using letterhead that misrepresented the location of his

law office. Klemp alleged that respondent's clients were contacting the former office to speak with respondent, who no longer rented office space at that office. Again, respondent did not answer or respond to the complaint in any way.

The final allegation of misconduct came from a former client, Dennis Pettee, who alleged that respondent failed to communicate and committed other unspecified misconduct. As with the other allegations, respondent did not answer the complaint or otherwise respond.

The director alleges that respondent has abandoned his law practice and failed to notify clients of his decision. The director further alleges that respondent has not returned client files or returned unearned fees.

Respondent was mailed ten letters containing all or some of the allegations against him, and the director's office also left two telephone messages for him regarding these proceedings. In addition, respondent was personally served with the director's petition on December 3, 1998. Respondent last paid his attorney registration fees in July 1998.

■ Respondent's failure to cooperate with the director of the Office of Lawyers Professional Responsibility and the District Ethics Committee violates Minnesota Rule of Professional Conduct 8.1(a)(3) and Rule 25, RLPR. Respondent's failure to notify clients of his abandonment of his practice and his failure to return unearned fees violates Minn. R. Prof. Conduct 1.4 and Minn. R. Prof. Conduct 1.16(d).

■ Because these violations are deemed admitted, we have to decide only the appropriate discipline for respondent. *See Order of the Supreme Court Granting Summary Relief,* No. C4-98-2269 (Jan. 28, 1999) at 1-2; *see also* Rule 13(b), RLPR. It is well-established that "[t]he purpose of attorney discipline is not to punish the attorney, but rather to protect the courts, the public and the legal profession, as well as to guard the administration of justice." *In re Bishop,* 582 N.W.2d 261, 263 (Minn.1998) (quoting *In re Madsen,* 426 N.W.2d 434, 435 (Minn.1988)). We have also emphasized the need for the attorney's cooperation with the investigation of a complaint: "We have long recognized that it is imperative that an attorney cooperate with disciplinary authorities in their investigation and resolution of complaints against the lawyer." *In re Engel,* 538 N.W.2d 906, 907 (Minn.1995) (citing *In re Sigler,* 512 N.W.2d 899 (Minn.1994); *In re Cartwright,* 282 N.W.2d 548 (Minn.1979); *In re Larson,* 210 Minn. 414, 298 N.W. 707 (1941)).

■ In deciding the appropriate discipline for an attorney's misconduct, we consider: (1) the nature of the misconduct; (2) the cumulative weight of the rule violations; (3) the harm to the public; and (4) the harm to the legal profession. *See Madsen,* 426 N.W.2d at 436. In addition, we frequently turn to cases involving similar misconduct in our efforts to impose appropriate and fair sanctions. *See id.*

Looking to our prior discipline cases, we have decided that an attorney's pattern of neglect and failure to communicate with clients coupled with a failure to cooperate in the disciplinary investigation or proceedings typically warrants an indefinite suspension. In *In re Engel,* this court indefinitely suspended an attorney for failing to communicate with two clients and not cooperating with the director's investigation. 538 N.W.2d 906, 907 (Minn.1995). Similar allegations resulted in an indefinite suspension in both *In Re Muenchrath,* 588 N.W.2d 497 (Minn.1999); and *In Re Pucel,* 588 N.W.2d 741 (Minn.1999).

■ As in the cases cited above, respondent neglected and failed to communicate with clients, misrepresented the location of his law practice, and failed to cooperate with the disciplinary investigation. Further, respondent failed to inform clients when he stopped practicing law and failed to return unearned fees. For these reasons, we order that:

1. Respondent Jeffrey L. Orren be indefinitely suspended from the practice of law pursuant to Rule 15(a)(2), RLPR;

2. Respondent comply with Rule 26, RLPR; and

3. Respondent pay to the director a sum of $900 for costs and disbursements pursuant to Rule 24, RLPR.

Indefinite suspension ordered.