In re PETITION FOR DISCIPLINARY ACTION AGAINST Shaw M. McCABE, an Attorney at Law of the State of Minnesota.

No. C4–98–2417.

Supreme Court of Minnesota.

May 6, 1999.

Edward J. Cleary, Director, Timothy M. Burke, Senior Asst. Director, Office of Lawyers Professional Responsibility, St. Paul.

Shaw M. McCabe, Forsoria, OH, pro se.

## OPINION

### PER CURIAM.

On October 14, 1998, the Director of the Office of Lawyer's Professional Responsibility (Director) charged respondent, Shaw M. McCabe, with unprofessional conduct in connection with his representation of two clients and his failure to cooperate with the Director's investigation. Respondent failed to respond to the charges and failed to appear at the November 9, 1998, prehearing meeting. On February 25, 1999, this court granted the Director's motion for summary relief deeming the allegations of the petition admitted. *See* Rule 13(b), Rules on Lawyers Professional Responsibility (RLPR). Accordingly, the following facts are not in dispute.

Respondent was admitted to practice law in Minnesota on April 28, 1992. He formerly practiced law in Greenbush, Minnesota, but on July 1, 1998, he was suspended for non-payment of the attorney registration fee and is currently not licensed. The record indicates an earlier admonition on March 26, 1997, for failing to promptly respond to the district ethics committee (DEC) investigator's request in violation of Rule 8.1(a)(3) (knowingly failing to respond demand for information), Minnesota Rules of Professional Conduct (MRPC), and Rule 25 (lawyer has a duty to cooperate with the Director's Office) of the RLPR.

More recently, the Director received two complaints almost identical in nature against respondent. On April 24, 1998, Jeffrey Pieterick alleged that he retained respondent to represent him in a non-contested dissolution matter. Pieterick signed a retainer agreement and paid respondent a non-refundable retainer of $632.00. Dissolution documents were prepared and served on the opposing party and were signed and returned to respondent. Despite numerous requests, including phone calls and personal visits by Pieterick, respondent failed to submit any dissolution documents with the court or to return them to Pietrick and has failed to respond to Peterick's complaint.

On or about December 5, 1998, Leon Miksatko filed a complaint alleging that he retained respondent to represent him in a non-contested dissolution matter, and similar to the Pieterick complaint, he paid respondent a non-refundable $632.00 retainer fee. After the dissolution documents were served on the opposing party and were signed and returned to respondent, he failed to file the documents with the court. Despite numerous attempts by the Director's Office, respondent has also failed to respond to Miksatko's disciplinary complaint against him.

The Director's Office mailed respondent at least 10 letters notifying him of the allegations against him and personally served him with the petition for disciplinary action on December 4, 1998. The Director alleges respondent has abandoned his law practice and failed to notify clients of his decision and that respondent has not returned client files.

Respondent's failure to cooperate with the Director's Office and the DEC violates Rule 8.1(a)(3), MRPC and Rule 25, RLPR and respondent's failure to notify clients of his abandonment of his practice and his failure to return client files demonstrates a disregard for professional responsibility and violates Rule 1.4, MRPC.

Because the violations are deemed admitted, we have only to determine the appropriate level of discipline to impose. *See* Rule 13(b), RLPR. This court has often stated that "[t]he purpose of attorney discipline is not to punish the attorney, but rather to protect the courts, the public and the legal profession, as well as to guard the administration of justice." *In re Bishop*, 582 N.W.2d 261, 263 (Minn.1998) (citing *In re Madsen*, 426 N.W.2d 434, 435 (Minn.1988)). However, this court has also expressed the need for the attorney's cooperation with the investigation of a complaint: "[w]e have long recognized that it is imperative that an attorney cooperate with disciplinary authorities in their investigation and resolution of complaints against the lawyer." *In re Engel*, 538 N.W.2d 906, 907 (Minn.1995) (citations omitted). In deciding the appropriate discipline for an attorney's misconduct, we consider:

"(1) the nature of the misconduct; (2) the cumulative weight of the rule violations; (3) the harm to the public; and (4) the harm to the legal profession." *Madsen*, 426 N.W.2d at 436 (citation omitted). In addition, we are guided by our prior case law involving similar misconduct and sanctions imposed. *Id.*

In prior similar discipline cases we have concluded that an attorney's pattern of neglect, lack of communication, and failure to cooperate with the disciplinary investigation or proceedings typically warrants an indefinite suspension. *See, e.g., In re Pucel*, 588 N.W.2d 741 (Minn. 1999); *In re Muenchrath*, 588 N.W.2d 497 (Minn. 1999); *In re Engel*, 538 N.W.2d 906, 907 (Minn.1995); *Bishop*, 582 N.W.2d at 264. In *In re Engel*, the attorney failed to cooperate with the investigation of two complaints and we determined that such conduct warranted an indefinite suspension from the practice of law. *Engel*, 538 N.W.2d at 906–07.

As in the cases cited above, respondent here neglected and failed to communicate with clients and failed to cooperate with the disciplinary investigation. Further, respondent failed to inform clients that he had abandoned his law practice and he failed to return client files. For these reasons, we order that respondent Shaw M. McCabe:

1. Be indefinitely suspended from the practice of law pursuant to Rule 15(a)(2), RLPR;
2. Comply fully with the requirements of Rule 18, RLPR, should he apply for reinstatement; and
3. Pay to the Director a sum of $900 for costs and disbursements pursuant to Rule 24, RLPR.

Indefinite suspension ordered.

ANDERSON, RUSSELL A., J., took no part in the consideration or decision of this matter.