In re Petition for DISCIPLINARY AC-
TION AGAINST Gerald D. THE-
DENS, an Attorney at Law of the
State of Minnesota.

No. C9–96–1260.

Supreme Court of Minnesota.

Dec. 2, 1999.

Edward J. Cleary, Director, Timothy M. Burke, Sr. Asst. Director, St. Paul, for Office of Lawyers Prof. Responsibility.

Gerald D. Thedens, Isle, pro se.

## OPINION

PER CURIAM.

Respondent Gerald D. Thedens is before this court on a petition for disciplinary action filed on June 8, 1999 by the Director of the Office of Lawyers Professional Responsibility (Director) alleging that Thedens committed approximately 37 violations of the Minnesota Rules of Professional Conduct. The violations include knowingly submitting false evidence and statements to a tribunal, presenting frivolous claims and defenses, failing to respond to discovery requests in a timely manner, failing to pay sanctions imposed against him, failing to disclose information during discovery, and failing to attend a settlement conference. Thedens failed to answer the Director's petition. On August 26, 1999, this court granted the Director's motion for summary relief, thus deeming the allegations of the petition admitted.[1] Accordingly, the facts and allegations are not in dispute. The matter comes before us to impose the discipline deemed appropriate in light of the admitted facts. We order an immediate, indefinite suspension from the practice of law for a minimum of five years.

■ Gerald D. Thedens was admitted to practice law in Minnesota in 1984. At all times relevant to this opinion, Thedens was general counsel for W.W. Holes Manufacturing Company, Inc. (Holes). The misconduct occurred during Thedens' representation of Holes in nine separate litigation matters from the beginning of his employment with Holes in 1995 to his suspension resulting from another matter in 1997. *See In re Thedens,* 557 N.W.2d 344, 350 (Minn.1997).

Under various trade names, Holes sold boats and related equipment. When a customer did not pay, Holes would have the boat returned, resell the boat, and sue the customer for the difference between the resale price and the original contract price. In an attempt to recover more from customers, Thedens submitted false evidence of resales in three cases. In each of these cases, the district court made findings regarding sales' history and prices in reliance on the false resale evidence. In two of the cases, the false evidence included false statements in Thedens' own affidavits. In two of the cases, the false evidence included fabricated purchase agreements.

Thedens made a false statement to the court in another case in which he represented to the court a fact that he knew to be false as he had presented contradictory evidence to the court in another matter.

Thedens pursued a frivolous claim or defense in three cases. Sanctions in the form of awarding attorney fees were imposed in each. He failed to respond, either wholly or properly, to discovery in four cases. Sanctions were imposed in two of the cases.

The Director filed charges of unprofessional conduct against Thedens on February 23, 1999. A probable cause hearing

---

1. The allegations contained in the Director's petition are deemed admitted because of Thedens' refusal to participate in these proceedings, specifically, his failure to answer the petition. *See* Rule 13(b), Rules on Lawyers Professional Responsibility.

before a Lawyers Professional Responsibility Board Panel was scheduled for June 3, 1999. Thedens attended that hearing but immediately after the Director's opening statement, he waived any further proceedings. The Director filed a petition for disciplinary action on June 8, 1999. Thedens failed to serve or file an answer. On July 19, 1999, the Director filed a motion for summary relief with this court. On August 26, 1999, we granted the Director's motion and filed an order pursuant to Rule 13(b), Rules on Lawyers Professional Responsibility (RLPR), deeming admitted all allegations contained in the petition. The Director filed a brief on September 15, 1999 in which he recommended that Thedens be suspended from the practice of law for a minimum of three years. Thedens neither filed a brief on his own behalf nor attended oral arguments.

■ Because the allegations of the petition are deemed admitted, this court need only address the appropriate discipline. *See* Rule 13(b) RLPR. The purpose of sanctions is not to punish an attorney, but to protect the public, to guard the administration of justice and to deter future misconduct. *See In re Weems,* 540 N.W.2d 305, 308 (Minn.1995). In deciding the appropriate discipline for an attorney's misconduct, this court considers the following factors: the nature of the misconduct, the cumulative weight of disciplinary violations, the harm to the public and the legal profession, and the preservation of the integrity of the bar and the system for the administration of justice. *See In re McCabe,* 591 N.W.2d 723, 724–25 (Minn. 1999); *In re Jones,* 383 N.W.2d 303, 306 (Minn.1986). In addition, we are guided by prior case law in determining the proper discipline for attorney misconduct. *See In re Sigler,* 512 N.W.2d 899, 901 (Minn. 1994). Because each case has a unique factual setting, prior caselaw is helpful "only through analogy and the facts of each individual case must be carefully examined." *In re Boyd,* 430 N.W.2d 663, 665 (Minn.1988) (citation omitted).

■ The Director charged Thedens with demonstrating a pattern of dishonesty and an abuse of the judicial system meriting severe sanction and recommended a minimum three-year suspension from the practice of law. Final responsibility for determining the proper sanction rests with this court. *See In re Haugen,* 543 N.W.2d 372, 374 (Minn.1996).

We have previously warned of the importance of honest conduct and of the severity of the sanction to be imposed for dishonest conduct. *See, e.g., In re Ruffenach,* 486 N.W.2d 387, 391 (Minn.1992) ("Honesty and integrity are chief among the virtues the public has a right to expect of lawyers. Any breach of that trust is misconduct of the highest order and warrants severe discipline.") (citations omitted). The extensive pattern of lying and other misconduct involved here makes this case unlike other cases involving a single instance of dishonesty or fabrication of evidence in which this court imposed a shorter suspension. *See, e.g., In re Zotaley,* 546 N.W.2d 16, 21 (Minn.1996) (six-month suspension warranted for attorney who took a generic insurance endorsement form from another unrelated file and held the form out as if it were part of the client's insurance policy); *In re Mack,* 519 N.W.2d 900, 902–03 (Minn.1994) (23–month extension of already existing suspension warranted where attorney failed to take remedial measures upon learning that false evidence had been submitted in one case); *In re Jagiela,* 517 N.W.2d 333, 336 (Minn.1994) (six-month suspension warranted for attorney who backdated an agreement that he had drafted, gave the agreement with the false date to opposing counsel and to a bankruptcy court, and then failed to correct the false date in deposition testimony concerning the document); *see also In re Margolis,* 570 N.W.2d 688, 692 (Minn.1997) (one-year suspension warranted for lying and fabricating evidence to cover up misconduct in two cases).

Rather, the pervasive pattern of abuse of the judicial system and the dishonesty and harm to the public makes this case more like prior discipline cases with multiple acts of dishonesty which have warranted longer suspensions. *See, e.g., In re Heckmann,* 557 N.W.2d 205, 205–06 (Minn.1997) (five-year suspension warranted for "pattern of misrepresentation" in law school application and applications for admission to bar in Minnesota and Wisconsin); *In re Pyle,* 363 N.W.2d 303, 305 (Minn.1985) (two-year suspension warranted for false statements and misrepresentations under oath in state and federal district court, misleading communications to adverse parties, paying fee to non-lawyer). In two cases, where the attorneys had engaged in deceit, fabrication, and cover-ups, we also imposed longer suspensions. In *In re Bernstein,* 404 N.W.2d 804, 805 (Minn.1987), we imposed a four-year suspension for misappropriation of client funds followed by repeated perjury and fabrication of evidence to cover-up his misconduct. We imposed an indefinite suspension for a minimum of five-years in *In re Kaine,* 424 N.W.2d 64 (Minn.1988) for assisting another attorney in misappropriation of client funds by altering and fabricating trust documents and then conspiring to give sworn and unsworn false testimony to obstruct the Director's investigation into the matter.

Here the nature and cumulative weight of the offenses together with the consequences of the misconduct lead us to conclude that this case is more like *Bernstein* and *Kaine* where we have imposed long-term suspensions. Like attorneys Bernstein and Kaine, Thedens engaged in fraud in an attempt to obtain more money from his client's customers than was owed. Thedens presented evidence to the court that he knew to be false, including his own sworn statements in two cases. Further, he failed to correct the court's decisions in three cases in which he knew the conclusions were made in reliance on his falsified documents. Thedens' dishonest actions interfered with the administration of justice and amounted to an abuse of the litigation process.

We have also indefinitely suspended attorneys for engaging in frivolous litigation with no leave to petition for readmission for periods ranging from 30 days to 18 months. *See, e.g., In re Nora,* 450 N.W.2d 328, 330 (Minn.1990) (indefinite suspension for a minimum of 30 days warranted for filing two frivolous claims and incompetent representation); *In re Jensen,* 542 N.W.2d 627, 634 (Minn.1996) (18–month suspension warranted for filing frivolous claims, making misrepresentations in judicial proceedings, disobeying court order, and failing to follow rules of civil and appellate procedure).

Further, we have disciplined attorneys for discovery violations and for failing to comply with court orders. *See, e.g., In re Truelson,* 427 N.W.2d 674, 674–75 (Minn. 1988) (indefinite suspension warranted for failure to comply with discovery requests and court orders); *In re Haugen,* 373 N.W.2d 600, 600–01 (Minn.1985) (public reprimand and two years supervised probation warranted for failure to comply with discovery orders and appear for hearing); *In re Daly,* 291 Minn. 488, 495–96, 189 N.W.2d 176, 181–82 (Minn.1971) (noting "[b]ecause it is elementary that our system of justice is founded on the rule of law, a willful disobedience to a single court order may alone justify disbarment" and disbarring attorney for willfully disregarding a single order of this court prohibiting him from further proceedings in a declaratory judgment action).

Finally, we note that there was a total lack of participation and cooperation in these proceedings. "We have long recognized that it is imperative that an attorney cooperate with disciplinary authorities in their investigation and resolution of complaints against the lawyer." *In re Orren,* 590 N.W.2d 127, 129 (Minn.1999) (citations omitted); *In re Cartwright,* 282 N.W.2d 548, 551 (Minn.1979); *In re Larson,* 210 Minn. 414, 298 N.W. 707 (1941).

Non-cooperation is itself a separate ground for discipline. *See In re Engel*, 538 N.W.2d 906, 907 (Minn.1995) (imposing indefinite suspension); *Cartwright*, 282 N.W.2d at 552 (imposing six-month suspension). Thedens attended the probable cause hearing but waived any further proceedings immediately after it began saying, "it is not my intent to provide evidence or to testify on my own behalf." He also agreed to accept service by mail of the petition for discipline. In spite of proper service and an extension, Thedens neither filed an answer nor appeared at oral arguments.

▆▆▆ Thedens' misconduct is also aggravated by the fact that he has already been disciplined twice since his admission to the bar. "[I]t is the general rule that the discipline to be imposed must be reviewed in light of the earlier misconduct." *In re Getty*, 452 N.W.2d 694, 698 (Minn. 1990). Further, "[o]nce disciplined, this court expects a renewed commitment to comprehensive ethical and professional behavior from attorneys." *Jensen*, 542 N.W.2d at 632. This court has been more severe in its sanctions when the current misconduct is of the same type for which the attorney has already been sanctioned. *See In re Milloy*, 571 N.W.2d 39, 45–46 (Minn.1997). The similarity of misconduct is evidence of a lack of renewed commitment. *See In re Haugen*, 543 N.W.2d 372, 375 (Minn.1996).

Thedens was previously suspended for six months in January of 1997 for failure to cooperate with the Director's investigation in relation to a civil tax fraud charge. *See Thedens*, 557 N.W.2d at 349. In addition, he was admonished in 1989 for making improper sexual advances toward a client. Thedens has shown in both personal (civil tax fraud) and professional contexts a lack of integrity and of a renewed commitment to ethics. Engaging in dishonest conduct while under investigation for dishonest conduct, does not show the "renewed commitment" we look for in sanctioned attorneys.

In summary, we note that Thedens' behavior provides us with four separate grounds upon which we could impose discipline. Each of the charges here is serious and individually would warrant substantial discipline. Taken together, the cumulative weight and severity of the wide-range and long span of disciplinary violations merit serious discipline. Further, Thedens' actions greatly affected and harmed the public. Attorney discipline proceedings are intended to "protect the public from attorneys who are unable to properly discharge their duties." *In re Montpetit*, 528 N.W.2d 243, 246 (Minn.1995). Clearly, protection is needed in this case because Thedens' conduct has been completely frustrating to the courts before which he has appeared and to the litigants he has forced into court. On the basis of the record before us, we conclude that Thedens must be suspended for a minimum of five years to prevent further injury to the public and to the legal profession. Accordingly, it is the order of this court that Gerald D. Thedens:

1. Be immediately and indefinitely suspended from the practice of law for a minimum of five years pursuant to Rule 15(a)(2), RLPR;

2. Comply fully with the requirements of Rule 18, RLPR, should he apply for reinstatement; and

3. Pay to the Director a sum of $900 for costs and disbursements pursuant to Rule 24, RLPR.

It is so ordered.