**In re Petition for DISCIPLINARY ACTION AGAINST Gary A. FLATTEN, an Attorney at Law of the State of Minnesota.**

No. C0–99–2182.

Supreme Court of Minnesota.

June 8, 2000.

Edward J. Cleary, Director, Craig D. Klausing, Senior Assistant Director, for appellant.

Gary A. Flatten, Burnsville, for respondent.

## OPINION

PER CURIAM.

The Director of the Office of Lawyers Professional Responsibility petitions this court to suspend respondent Gary A. Flatten indefinitely from the practice of law based on his noncooperation with a disciplinary investigation. Because respondent

1. Rule 8.1(a)(3) provides that an attorney must cooperate with a disciplinary investigation by responding appropriately to requests for information:

failed to file an answer to the petition, the Director's allegations are deemed admitted pursuant to Rule 13(b), Rules on Lawyers Professional Responsibility (RLPR), and we conclude that indefinite suspension from the practice of law is an appropriate sanction for respondent's misconduct.

Respondent was admitted to the practice of law in Minnesota in 1964. He was previously admonished in 1991 for failing to communicate with a client and to cooperate with the ensuing disciplinary investigation in violation of Minn. R. Prof. Conduct 1.4(a), 8.1(a)(3), and Rule 25, RLPR. He is currently on restricted status for failure to comply with continuing legal education requirements.

On June 10, 1999, the Director received a notice of overdraft for respondent's client trust account, and wrote to him the next day requesting an explanation and certain documents relating to the overdraft. The Director wrote to respondent at his address in the attorney registration database which matched the address on the client trust account. Respondent did not reply to this letter or to two subsequent letters, one of which was sent via certified mail, and he did not claim the certified letter.

The Director then opened a disciplinary file on August 19, 1999, and mailed respondent a notice of investigation. The respondent again did not respond and also did not claim or reply to a follow-up letter sent via certified mail. On November 1, 1999, the Director mailed respondent charges of unprofessional conduct and notice of prehearing meeting but respondent did not attend the meeting or contact the Director regarding his inability to attend.

The Director served a notice and petition for disciplinary action upon respondent on December 15, 1999, alleging violations of Minn. R. Prof. Conduct 8.1(a)(3) [1],

(a) [A] lawyer * * * in connection with a disciplinary matter, shall not:
. * * * *

8.4(d) [2], and Rule 25, RLPR [3] and recommending that respondent be suspended from the practice of law. Because respondent failed to serve an answer within 20 days, we ordered that the allegations of the petition be deemed admitted pursuant to Rule 13(b), RLPR. Our review is thus limited to the appropriate discipline for respondent's misconduct.

"The purpose of attorney discipline is not to punish the attorney but to protect the courts, the public and the legal profession, as well as to guard the administration of justice." *In re Madsen*, 426 N.W.2d 434, 435 (Minn.1988). In determining an appropriate sanction for attorney misconduct, we consider the nature of the misconduct, the cumulative weight of the rule violations, and the harm to the public and to the legal profession. *See In re Sigler*, 512 N.W.2d 899, 901 (Minn.1994). We impose sanctions based on the facts of the particular case considering both aggravating and mitigating circumstances, *see In re Iliff*, 487 N.W.2d 234, 236 (Minn. 1992), but look to similar cases for guidance in determining the appropriate discipline, *see In re Sigler*, 512 N.W.2d at 901.

We have stated that it is imperative that an attorney cooperate with a disciplinary authority in the investigation of a complaint against that attorney. *See In re*

*Engel*, 538 N.W.2d 906, 907 (Minn.1995). Failure to cooperate is grounds for discipline, including suspension. *See id.; In re Cartwright*, 282 N.W.2d 548, 552 (Minn. 1979). In *In re Engel* we indefinitely suspended an attorney who failed to reply to repeated inquiries from the Director and who had a disciplinary history including a previous admonition for failure to cooperate. 538 N.W.2d at 906–07. We noted that the attorney's failure to cooperate impeded investigation of the underlying allegations and showed lack of acknowledgement of the seriousness of the allegations. *See id.* at 907. We have also indefinitely suspended attorneys who engage in a pattern of neglecting client matters, failing to communicate with clients, and failing to cooperate with a subsequent investigation. *See In re McCabe*, 591 N.W.2d 723, 725 (Minn.1999); *In re Orren*, 590 N.W.2d 127, 129 (Minn.1999); *In re Madsen*, 426 N.W.2d at 436.

Respondent did not appear at oral argument before us and has not presented any evidence of mitigating circumstances that would warrant a lesser sanction. His complete lack of cooperation in the instant disciplinary investigation and his previous disciplinary history including an admonition for noncooperation lead us to the con-

(3) knowingly fail to respond to * * * [a] discipline authority's lawfully authorized demand for information by either providing the information sought or making a good faith challenge to the demand.
Minn. R. Prof. Conduct 8.1(a)(3).

2. Pursuant to Rule 8.4(d), it is professional misconduct for an attorney to "engage in conduct that is prejudicial to the administration of justice." Minn. R. Prof. Conduct 8.4(d).

3. Rule 25, RLPR, provides that in an investigation an attorney must furnish upon request a complete explanation and requested documents as well as attend all conferences and hearings related to the disciplinary process:
(a) Lawyer's duty. It shall be the duty of any lawyer who is the subject of an investigation or proceeding under these Rules to cooperate with the District Committee, the

Director, the Director's staff, the Board, or a Panel, by complying with reasonable requests, including requests to:
(1) Furnish designated papers, documents or tangible objects;
(2) Furnish in writing a full and complete explanation covering the matter under consideration;
(3) Appear for conferences and hearings at the times and places designated. Such requests shall not be disproportionate to the gravity and complexity of the alleged ethical violations. * * *
(b) Grounds of discipline. Violation of this Rule is unprofessional conduct and shall constitute grounds for discipline; provided, however, that a lawyer's challenge to the Director's requests shall not constitute lack of cooperation if the challenge is promptly made, is in good faith and is asserted for a substantial purpose other than delay.
Rule 25, RLPR.

clusion that indefinite suspension is the appropriate sanction for respondent's misconduct.

Indefinite suspension is ordered. We also order that respondent pay the Director $900 in costs and disbursements pursuant to Rules 24(a) and (b), RLPR, comply with the requirements of Rule 26, RLPR, and satisfy the conditions of Rule 18, RLPR, prior to reinstatement.