In re Petition for DISCIPLINARY AC-
TION AGAINST Charles Norman EK,
an Attorney at Law of the State of
Minnesota.

No. C3–00–2006.

Supreme Court of Minnesota.

May 16, 2002.

Edward J. Cleary, St. Paul, for petition-
er.

Charles Norman Ek, Chugiak, AK, for
respondent.

## OPINION

PER CURIAM.

In the fall of 1999, the Director of the
Office of Lawyers Professional Responsi-
bility attempted to investigate a complaint
filed by one of respondent's clients. In an
untimely reply, respondent acknowledged
his failure to communicate with his client
and attend to the case, however respon-
dent failed to respond to subsequent re-
quests for information. On May 8, 2000,
respondent was mailed charges of unpro-
fessional conduct and a notice of a pre-
hearing meeting requiring his attendance
at which respondent ultimately failed to
appear. The Director subsequently peti-
tioned for disciplinary action based upon
flagrant non-cooperation pursuant to Rule
10(d), Rules of Lawyers Professional Re-
sponsibility (RLPR).[1] The Director's at-

---

1. Rule 10(d), RLPR provides:

   In matters in which there are an attorney's

admissions, civil findings, or apparently

**612**

tempt at personal service was unsuccessful as respondent had moved to Alaska. In September 2000, the petition for disciplinary action was amended pursuant to Rule 10(e), RLPR,[2] based upon an additional allegation of misconduct received from another of respondent's clients. On October 5, 2000, the Director served respondent by mail with the notice and disciplinary petition at the address on record for his attorney registration in Minnesota and also at a post office box he maintained in Alaska, as provided by his former receptionist. The Director received neither an executed admission of service nor an answer to the petition.

On November 16, 2000, the Director requested an order suspending respondent pursuant to Rule 12(c)(1), RLPR, "Respondent not found,"[3] which we issued December 11, 2000.[4] In the year following the order, respondent did not move to vacate it, and on January 30, 2002, we issued an order pursuant to Rule 12(c)(1), RLPR,[5] directing respondent to appear

before this court on April 4, 2002, to show cause why we should not take appropriate disciplinary action against him. The order to show cause was served on respondent by publication.[6] Because respondent failed to request permission to answer the disciplinary petition and failed to answer the petition within one year of this court's suspension order, the allegations of the petition are deemed admitted and the only issue before the court is the appropriate discipline to impose. *See* Rules 12(c) & 13(b), RLPR; *see also In re Geiger*, 621 N.W.2d 16, 17 (Minn.2001).

The two complaints filed by respondent's former clients allege lack of communication and abandonment. In the first complaint, the client explained that respondent had indicated he would file an appeal, but thereafter neither filed the appeal nor contacted the client to advise him that he would not be doing so. In the second complaint, the client accused respondent of abandoning him after filing an appeal and brief on the client's behalf. When the

clear and convincing documentary evidence of an offense of a type for which the Court has suspended or disbarred lawyers in the past, such as * * * flagrant non-cooperation including failure to attend a pre-hearing meeting, * * * the Director may either submit the matter to a Panel or upon a motion made with notice to the attorney and approved by the Panel Chair, file the petition under Rule 12.

2. Rule 10(e), RLPR states:

If a petition under Rule 12 is pending before this Court, the Director must present the matter to the Panel Chair * * * for approval before amending the petition to include additional charges based upon conduct committed before or after the petition was filed.

3. Rule 12(c)(1), RLPR, provides that if the respondent cannot be found in the state, the Director may apply to the court for an order suspending the respondent from the practice of law. Within one year thereafter, respon-

dent may move the court for a vacation of the order of suspension and for leave to answer the petition for disciplinary action.

4. The amended petition for disciplinary action and the application for the order suspending respondent were personally served at a residential address provided by the United States Postal authorities in Anchorage, Alaska, late in 2000.

5. This order was requested by the Director in a January 22, 2002 petition pursuant to Rule 12(c)(2), RLPR, which provides that if the respondent does not move to vacate an order of suspension within one year, the Director shall petition this court for an order to show cause.

6. The order appeared in "Finance and Commerce," a Twin Cities-based business newspaper, on February 8, 15, and 22, 2002. The order also appeared in the "Alaska Journal of Commerce" on February 17, 24, and March 3, 2002.

client was unsuccessful in his attempts to contact respondent by telephone regarding upcoming oral arguments on his appeal, he went to respondent's office where the receptionist informed him that respondent had moved to Alaska.

On October 1, 1999, the Director sent respondent a notice of investigation concerning the first complaint requesting a written response within 14 days. When respondent failed to reply within the required time the District Ethics Committee (DEC) investigator wrote to respondent informing him that if he did not receive a reply from respondent by November 1, 1999, he would conclude his investigation based on the information he had. On November 1, 1999, respondent sent a reply in which he acknowledged that he had not maintained communication with the client and that although he told the client he would file an appeal, he had not done so. The DEC referred the matter back to the Director on January 12, 2000, indicating that there was an admitted violation of Minn. R. Prof. Conduct 1.4.[7] The Director then wrote to respondent requesting additional information about his handling of the case and when respondent failed to reply, the Director sent two follow-up letters. When the follow-up letters also failed to prompt a response, the Director wrote to respondent by certified mail and first-class mail requesting respondent's appearance at a meeting on April 11, 2000. Respondent was advised that if he was unable to attend he should contact the Director to reschedule. Respondent did not appear and did not contact the Director.

On June 9, 2000, the Director issued a notice of investigation to respondent concerning the second complaint and sent it to respondent's Minneapolis address and his post office box in Alaska. Respondent failed to reply to the notice of investigation or to follow-up letters sent on June 28 and July 19, 2000.

■ The purpose of attorney discipline is not to punish the attorney, but to guard the administration of justice and protect the courts, the legal profession, and the public. *In re Kaszynski*, 620 N.W.2d 708, 713 (Minn.2001); *In re Isaacs*, 451 N.W.2d 209, 211 (Minn.1990). With that in mind, this court must determine the proper discipline by considering the nature of the misconduct, the cumulative weight of the rule violations, the harm to the public, and the harm to the legal profession. *Geiger*, 621 N.W.2d at 22; *In re Madsen*, 426 N.W.2d 434, 436 (Minn. 1988). Although each case must be decided on its unique facts and circumstances, analogous cases may provide guidance to the court. *In re Campbell*, 603 N.W.2d 128, 132 (Minn.1999); *Madsen*, 426 N.W.2d at 436. Mitigating or aggravating factors may also be taken into consideration. *In re Haugen*, 543 N.W.2d 372, 375 (Minn. 1996).

■ Respondent's misconduct includes: (1) extensive non-cooperation with a disciplinary investigation, and (2) neglect and non-communication in two separate client matters. Failure to cooperate with a disciplinary investigation violates Minn. R. Prof. Conduct 8.1(a)(3) and Rule 25(a), RLPR. Minnesota Rules of Professional Conduct 8.1(a)(3) provides that a lawyer, in

---

**7.** Minnesota Rules of Professional Conduct 1.4 states:

  (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

  (a) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

connection with a disciplinary matter, shall not "knowingly fail to respond to [a] * * * discipline authority's lawfully authorized demand for information by either providing the information sought or making a good faith challenge to the demand." Rule 25(a), RLPR, states that it "shall be the duty of any lawyer who is the subject of an investigation or proceeding under these Rules to cooperate"[8] with the investigation. As to the client matters, respondent's neglect and non-communication violate Minn. R. Prof. Conduct 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client, and Minn. R. Prof. Conduct 1.4, which requires a lawyer to keep clients informed and comply with clients' requests for information.

We have stated that if we are to meet our goal of protecting the public we cannot ignore conduct where a lawyer acts "with complete disregard for the disciplinary process." *In re Sigler*, 512 N.W.2d 899, 901–02 (Minn.1994). In fact, we have repeatedly recognized that attorney cooperation is imperative, and have made it clear that a failure to cooperate in a disciplinary investigation constitutes independent grounds for discipline. *In re Danielson*, 620 N.W.2d 718, 720 (Minn.2001); *In re Engel*, 538 N.W.2d 906, 907 (Minn.1995); *In re Cartwright*, 282 N.W.2d 548, 552 (Minn.1979).

As evidence of respondent's ongoing non-cooperation, the Director cites respondent's failure to respond in a timely manner to the original notice of investigation in the first client complaint and his failure to respond at all to the Director's follow-up inquiries and notice of investigation in the second client complaint. The Director notes that this is not a case in which

respondent was unaware of the disciplinary investigations. Respondent did eventually respond to the first client complaint and apparently signed for correspondence informing him of a meeting with the Director's office. Further, although he was no longer living in Minnesota, the Director was able to serve respondent with the amended petition for disciplinary action and the application for the order suspending him. Thus, respondent's non-cooperation with the disciplinary process appears to be knowing and willful.

While emphasizing that non-cooperation alone would warrant suspension, the Director contends that respondent's neglect and non-communication in both client matters aggravates his misconduct, providing additional support for its recommendation that this court suspend respondent indefinitely.

In determining the appropriate discipline to impose, we find guidance in the analogous case of *Engel*, in which an attorney similarly failed to cooperate with the Director's investigation of two client complaints concerning neglect and non-communication. 538 N.W.2d at 906. In *Engel*, we noted:

[W]hile the allegations of misconduct underlying the Director's investigation identify instances of client neglect and frustration, respondent's failure to cooperate with the inquiry into the validity and seriousness of those complaints has greatly hampered the investigatory efforts and demonstrates respondent's failure to acknowledge either the seriousness of the proceeding or her disregard for her basic obligations as an attorney or a present inability to deal with any consequences for her actions.

---

**8.** This "cooperation" includes complying with reasonable requests made by the Director, such as requests to "[f]urnish in writing a full and complete explanation covering the matter under consideration," and "[a]ppear for conferences and hearings at the times and places designated." Rule 25(a)(2)-(3), RLPR.

*Id.* at 907. In recognition of these failures, we ordered Engel indefinitely suspended from the practice of law. *Id.* Although Engel had a prior disciplinary history, an aggravating circumstance not present here, we have "generally held that an attorney's pattern of neglect and failure to communicate with clients, combined with failure to cooperate with a disciplinary authority's investigation, usually warrants an indefinite suspension from the practice of law." *Campbell,* 603 N.W.2d at 132. Accordingly, we find indefinite suspension appropriate in this case.

IT IS HEREBY ORDERED that respondent Charles Norman Ek is indefinitely suspended from the practice of law. Respondent shall pay $900 in costs and disbursements pursuant to Rules 24(a) and (b), RLPR, comply with the requirements of Rule 26, RLPR, and satisfy the conditions of Rule 18, RLPR, prior to reinstatement.